Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| FAUSTINO XAVIER BETANCOURT COLÓN<br><br>Apelante<br><br>v.<br><br>CONDADO BUSINESS GROUP CORP.<br><br>Apelada | KLAN202400295 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Número: SJ2023CV07938<br><br>Sobre: Petición de Orden |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Marrero Guerrero y la Jueza Prats Palerm.

Sánchez Ramos, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 30 de abril de 2024.

Luego de que una parte demandante avisara que desistía, con perjuicio, de una acción judicial, el Tribunal de Primera Instancia ("TPI") dictó una sentencia mediante la cual le impuso a dicha parte el pago de costas más $2,500.00 en concepto de honorarios de abogado. Según se explica en detalle a continuación, concluimos que erró el TPI, pues el récord no refleja temeridad alguna de parte del demandante ni medió circunstancia alguna que pudiese justificar imponerle a dicha parte el pago de costas u honorarios.

I.

En agosto de 2023, el Sr. Faustino Xavier Betancourt Colón (el "Demandante" o "Apelante") presentó la acción de referencia (la "Demanda") al amparo de la ley federal *American with Disabilities Act* ("ADA"). Ello contra Condado Business Group, Corp. (la "Demandada"). Alegó que tenía condiciones físicas que limitaban

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el correspondiente recurso anterior (KLCE202301291).

sustancialmente su capacidad para moverse y que, el 11 de julio de 2023, visitó el establecimiento *Pico Rico B.B.Q.*, ubicado en la avenida Ashford en Condado (el "Negocio"), y encontró barreras arquitectónicas que interfirieron con su comodidad y capacidad de disfrutar del Negocio. Solicitó, entre otras cosas, un interdicto permanente y que se ordenara al Negocio a tomar las medidas necesarias para eliminar las referidas barreras, en cumplimiento con los requisitos establecidos por ADA.

La Demandada fue emplazada el 8 de septiembre. Luego de que transcurriese el término para que la Demandada contestara, sin que lo hubiese hecho, el 27 de octubre de 2023, el TPI le anotó la rebeldía.

Al día siguiente, la Demandada presentó una *Moción que Anuncia Representación Legal y en Solicitud de Prórroga*; además, presentó una *Moción en Solicitud de Relevo de Anotación de Rebeldía*.

El 30 de octubre, el TPI denegó ambas mociones.

Ese mismo día, y a pesar de que el TPI había denegado la solicitud de autorización para contestar la Demanda, la Demandada presentó un escrito denominado *Contestación a Demanda*. Mediante una Orden notificada el 30 de octubre, el TPI dispuso "Nada que proveer" al respecto. La Demandada luego solicitó al TPI que reconsiderara la determinación de denegar el relevo de la rebeldía anotada, pero el TPI denegó la referida solicitud.

El 7 de noviembre, el Demandante presentó una *Moción en Solicitud de Sentencia en Rebeldía*.

El 14 de noviembre, la Demandada presentó una *Moción en Solicitud de Reconsideración, en Cumplimiento de Orden en Oposición a que se Dicte Sentencia en Rebeldía y en Solicitud de Vista Evidenciaria*. En lo pertinente, arguyó que faltaba una parte indispensable, entiéndase, el supuesto dueño del inmueble en el cual se alegó ubica el Negocio.

El 9 de enero, la Demandada reiteró su solicitud de desestimación por razón de la supuesta ausencia de una parte indispensable.

El 17 de enero, el Demandante presentó una **moción de desistimiento con perjuicio sin la imposición de costas y honorarios de abogado**.

El TPI, mediante una Sentencia notificada el 18 de enero (la "Sentencia"), decretó el archivo con perjuicio de la Demanda, pero dispuso, además, que, "habiendo comparecido la parte demandada, se imponen las costas, gastos y $2,500.00 de honorarios de abogado a favor" de la Demandada, ello "de conformidad con la Regla 39.1(b) de Procedimiento Civil".

El 30 de enero, el Demandante solicitó la reconsideración de la Sentencia; planteó que no se había presentado un memorando de costas y, además, que el TPI no había concluido que mediase temeridad de su parte. Solicitó al TPI que, si el desistimiento no fuese viable sin la imposición de costas y honorarios, se le permitiera retirar el aviso de desistimiento y continuar con el trámite judicial.

Mediante una Resolución notificada el 21 de febrero, el TPI denegó la referida moción de reconsideración.

Inconforme, el 25 de marzo (lunes, y primer día laborable luego del jueves 21 de marzo), el Demandante presentó la apelación que nos ocupa; formula los siguientes señalamientos de error:

1. Erró el TPI al no conceder la solicitud de desistimiento con perjuicio bajo la Regla 39.1 (a)(1) según solicitado por el Demandante.

2. Erró el TPI al imponer costas y honorarios de abogado a favor de la parte apelada, dado que no existió una parte prevaleciente en el caso, y tampoco se procedió con temeridad o frivolidad.

Oportunamente, la Demandada presentó su alegato. Arguye que, al solicitarse el desistimiento, ya había "comparecido" y, además, que la demanda era "frívola". Según la Demandada, lo

anterior permitía, y justificaba, que el TPI condenase al Demandante al pago de costas y honorarios de abogado. Afirmó que, "antes de presentada la demanda[,] ya el [Negocio] no existía y no estaba operando en el establecimiento público que se demandó". Resolvemos.

II.

El desistimiento se refiere a la declaración de voluntad hecha por una parte por la cual anuncia su deseo de abandonar la causa de acción que interpuso en el proceso que está pendiente. J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da. ed., San Juan, Publicaciones JTS, 2011, Tomo III, pág. 1138. En otras palabras, por medio del desistimiento, la parte abandona la causa de acción instada.

La Regla 39.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 39.1, reglamenta lo relacionado con las diferentes formas de desistimiento de una acción ante el foro judicial:

> (a) Por la parte demandante; por estipulación. Sujeto a las disposiciones de la Regla 20.5, una parte demandante podrá desistir de un pleito sin una orden del tribunal:
>
> (1) mediante la presentación de un aviso de desistimiento en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción de sentencia sumaria, cualesquiera de éstas que se notifique primero, o
>
> (2) mediante la presentación de una estipulación de desistimiento firmada por todas las partes que hayan comparecido en el pleito.
>
> A menos que el aviso de desistimiento o la estipulación exponga lo contrario, el desistimiento será sin perjuicio, excepto que el aviso de desistimiento tendrá el efecto de una adjudicación sobre los méritos cuando lo presente un demandante que haya desistido anteriormente en el Tribunal General de Justicia, o en algún tribunal federal o de cualquier estado de Estados Unidos de América, de otro pleito basado en o que incluya la misma reclamación.
>
> (b) Por orden del tribunal. A excepción de lo dispuesto en el inciso (a) de esta regla, no se

permitirá al demandante desistir de ningún pleito, excepto mediante una orden del tribunal y bajo los términos y las condiciones que éste estime procedentes. A menos que la orden especifique lo contrario, un desistimiento bajo este párrafo será sin perjuicio.

El **inciso (a)(1)** de la Regla 39.1 de Procedimiento Civil, *supra*, provee para el desistimiento voluntario cuando la parte demandada aún no ha presentado una "contestación" o una "moción de sentencia sumaria". En tal caso, la parte demandante puede "desistir sin perjuicio, sin orden del tribunal, simplemente mediante la presentación de un aviso de desistimiento". *Pagán Rodríguez v. Pres. Cáms. Legs*; 206 DPR 277, 286 (2021); *Tenorio v. Hospital Dr. Pila*, 159 DPR 777, 783 (2003). El desistimiento bajo este inciso no requiere la aprobación del tribunal para surtir efecto y tampoco admite oposición de la parte adversa. *García v. ELA*, 135 DPR 137, 145 (1994); véanse, además, *Pramco CV6, LLC v. Delgado Cruz y Otros*, 184 DPR 453, 459 (2012); *Silva Wiscovich v. Weber Dental Mfg. Co.*, 119 DPR 550, 562 (1987); *García*, 135 DPR a la pág. 144.

Por otro lado, el **inciso (b)** de la Regla 39.1 de las de Procedimiento Civil, *supra*, provee para el desistimiento con autorización del tribunal. Este mecanismo se utiliza en situaciones donde la parte demandada ha contestado la demanda o presentado una solicitud de sentencia sumaria y no se ha podido obtener una estipulación de desistimiento por todas las partes del pleito.

El derecho a desistir en etapas más avanzadas del pleito no es absoluto. El desistimiento bajo el **inciso (b)** de la precitada Regla 39.1, *supra*, está sometido a la discreción de, y a los términos y condiciones que disponga, el tribunal. Cuevas Segarra, *op. cit.*, pág. 1147. Así, una vez examinadas las posturas de las partes, el juzgador podrá conceder el desistimiento bajo los términos y condiciones que entienda procedentes, como por ejemplo, que el desistimiento sea con o sin perjuicio, o que se paguen gastos y

honorarios de abogado.   Véase Reglas 39.1 y 39.4 de las de Procedimiento Civil, *supra*; *Pramco CV6, LLC*, 184 DPR a las págs. 460-461.

### III.

El remedio disponible como sanción por el uso indebido de los procedimientos legales será la imposición de costas y honorarios de abogado por temeridad, cuando procedan. *Giménez Álvarez v. Silén Maldonado*, 131 DPR 91, 97 (1992).   Es norma en nuestra jurisdicción que incurre en temeridad aquella parte que "con terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconvenientes de un pleito." *Torres Montalvo v. Gobernador ELA*, 194 DPR 760, 778 (2016); *S.L.G. Flores-Jiménez v. Colberg*, 173 DPR 843, 866 (2008).   Véase, además, *Torres Ortiz v. E.L.A.*, 136 DPR 556, 565-66 (1994).

Así pues, los honorarios por temeridad buscan "disuadir la litigación innecesaria y alentar las transacciones, mediante la imposición de sanciones a la parte temeraria, que compensen los perjuicios económicos y las molestias sufridas por la otra parte". *Torres Ortiz, supra*.   La imposición de honorarios de abogado por temeridad es una facultad discrecional del tribunal que no será variada a menos que la misma constituya un abuso de discreción, o cuando la cuantía sea excesiva o exigua. Véase, *Andamios de P.R. v. Newport Bonding*, 179 DPR 503, 520 (2010); *Monteagudo Pérez v. ELA*, 172 DPR 12, 31 (2007); *Ramírez v. Club Cala de Palmas*, 123 DPR 339, 350 (1989). Ahora bien, una vez el tribunal determina que la parte incurrió en dicha conducta, está obligado a conceder los honorarios a favor de la parte prevaleciente. *Meléndez Vega v. El Vocero de PR*, 189 DPR 123 (2013).

En cuanto a las costas, la norma es que la parte vencedora en un caso civil tiene derecho a que la otra parte se las reembolse. *Comisionado v. Presidenta,* 166 DPR 513, 518 (2005). En ese sentido, la Regla 44.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1, establece, en lo aquí pertinente, lo siguiente:

> [l]as costas le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión, excepto en aquellos casos en que se disponga lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los *gastos incurridos necesariamente* en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra. (Énfasis suplido).

Así pues, se permite: i) restituir los gastos necesarios y razonables que una parte incurrió para hacer valer su derecho al ser obligada a litigar, y ii) penalizar la litigación inmeritoria, temeraria, o viciosa. *Rosario Domínguez v. ELA,* 198 DPR 197, 211 (2017); *Maderas Tratadas v. Sun Alliance, et al.,* 185 DPR 880 (2012); *Auto Servi, Inc. v. E.L.A.,* 142 DPR 321, 327 (1997).

Previo a imponer costas, es necesaria la presentación oportuna de un memorando de costas, detallando los gastos incurridos. *Rosario Domínguez, supra; Colón Santos v. Coop. Seg. Mult. P.R.,* 173 DPR 170 (2008). El tribunal tiene amplia discreción para evaluar la razonabilidad y determinar la necesidad de los gastos detallados. *Rosario Domínguez, supra; Maderas Tratadas, supra; Auto Servi, Inc., supra.* Ahora bien, esta discreción se ejercerá con moderación, y se examinará cuidadosamente el memorando de costas en cada caso. Un tribunal revisor no intervendrá con la discreción del TPI al reconocer como costas ciertas partidas, a menos que se demuestre que dicho foro cometió un abuso de discreción. *Andino Nieves v. A.A.A.,* 123 DPR 712, 719 (1989).

No todos los gastos en que se incurren durante la tramitación de un litigio se reconocen como recobrables. *Comisionado,* 166 DPR

a la pág. 518; *Garriga v. Tribunal,* 88 DPR 245, 256-257 (1963). Para fines de la Regla 44.1(a), *supra,* se trata de aquellos gastos incurridos necesariamente en la tramitación del pleito. *JTP Development Corp. v. Majestic Realty Corp.,* 130 DPR 456, 460 (1992). Lo fundamental es ver si fueron necesarios y razonables. Así, quedan excluidos aquellos gastos innecesarios, superfluos o extravagantes.

IV.

Concluimos que erró el TPI al imponerle costas y honorarios de abogado al Demandante. Veamos.

En cuanto a la imposición de costas, las mismas no proceden porque, primero, al tratarse de un desistimiento, no hubo parte prevaleciente. Es decir, al no haberse adjudicado los méritos de la controversia y, en consecuencia, no existir parte perdidosa, no corresponde imponer costas al amparo de la Regla 44.1 de Procedimiento Civil, *supra.*

Segundo, aun si aplicase la Regla 39.1(b), *supra,* el récord no sustentaría la imposición de costas al Demandante. Adviértase que, aunque la Demandada presentó una moción de desestimación, esta no contestó la Demanda oportunamente, por lo cual se le anotó la rebeldía y el TPI luego no autorizó la "contestación" presentada. Además, la solicitud de desistimiento se hizo con perjuicio, lo cual elimina la posibilidad de que la Demandada sea objeto de una nueva acción judicial sobre el asunto objeto de la Demanda. Finalmente, el desistimiento ocurrió en una etapa sumamente temprana de los procedimientos.

Por otra parte, no se sostiene tampoco la imposición de honorarios de abogado por el TPI. Primero, el TPI ni siquiera concluyó que el Demandante hubiese incurrido en temeridad. En la medida en que el TPI únicamente descansó en que la Demandada había comparecido, ello tampoco justifica la imposición de

honorarios de abogado. El simple hecho de que un demandado comparezca de algún modo a una acción judicial no justifica, de modo alguno, que automáticamente se le impongan honorarios de abogado a la parte demandante que luego desiste de la acción.

Segundo, nada en el récord nos permite concluir que el Demandante hubiese incurrido en temeridad. En su conducta litigiosa ante el TPI, no hubo acción alguna del Demandante que pudiese justificar una determinación de que actuó de forma temeraria. Entiéndase, la forma en que el Demandante tramitó el presente caso no exhibió terquedad, obstinación, contumacia o una actitud desprovista de fundamentos. Véase, *Torres Montalvo, supra.*

Por su parte, la decisión del Demandante de desistir de modo alguno puede concluirse que respondiese a que, como especula la Demandada, la acción judicial fuese "frívola". En cualquier caso, en este contexto, lo determinante es la conducta procesal del Demandante, no los méritos de la Demanda. De otro modo, el TPI, enfrentado con una moción de desistimiento y con la decisión de si se impondrán honorarios, tendría siempre que "resolver" los méritos del caso, a pesar de que se pretende desistir del mismo.

Más aún, tampoco el TPI estaba en posición de concluir que la Demanda fuese "frívola". Como cuestión de derecho, lo único que planteó la Demandada fue que faltaban unas partes indispensables. No obstante, no está claro que realmente esas partes fuesen indispensables, dado que la ley pertinente (ADA) le impone obligaciones al operador o inquilino de un negocio. De todas maneras, aun si realmente faltaban partes indispensables, el TPI siempre podía autorizar que se enmendara la demanda para incluir las partes ausentes, de manera que la acción continuase[2].

---

[2] Por supuesto, el TPI tampoco estaba en posición de adjudicar la veracidad de la alegación fáctica de la Demandada a los efectos de que, al presentarse la Demanda, el Negocio no operaba. Incluso, aun si dicha alegación fuese cierta, ello no necesariamente implicaba que la Demanda fuese frívola o que las causas de acción de la Demanda no fuesen viables, pues no hay nada en el récord sobre

V.

Por los fundamentos expuestos, se revoca la Sentencia apelada y se autoriza el desistimiento de la forma solicitada por la parte demandante, <u>con perjuicio y sin imposición de costas, gastos u honorarios de abogado.</u>

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

por qué (o desde cuándo) el Negocio no operaba, ni sobre la posibilidad (o fecha) de una potencial reapertura.