COMISIONADO ELECTORAL DEL PARTIDO NUEVO PROGRESISTA, recurrido, *v.* PRESIDENTA DE LA COMISIÓN LOCAL DE ELECCIONES DEL PRECINTO DE MAUNABO, recurrida, y COMISIÓN ESTATAL DE ELECCIONES, peticionaria.

*Número:* CC-2004-990     *Resuelto:* 12 de diciembre de 2005

*Pedro A. Delgado Hernández*, abogado de la parte peticionaria; *René Arrillaga Beléndez* y *Agustín Colón Dueño*, abogados de la parte recurrida.

EL JUEZ PRESIDENTE SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

Nos corresponde determinar si procede imponer a la Comisión Estatal de Elecciones el pago de costas en un procedimiento de recusación de electores sin que se le haya acreditado previamente el gasto real en que incurrió en su tramitación.

I

El Comisionado Electoral del Partido Nuevo Progresista (Comisionado del P.N.P.) presentó ante la Comisión Local de Elecciones del Precinto de Maunabo (Comisión Local) unas solicitudes de recusación por domicilio de unos electores inscritos en ese precinto. Éstas fueron objetadas oportunamente por el Comisionado Electoral del Partido Popular Democrático (Comisionado del P.P.D.). Luego de la evaluación correspondiente, la Presidenta de la Comisión Local declaró "sin lugar" las recusaciones por domicilio de algunos de estos electores por defectos en el diligenciamiento del emplazamiento.

Inconforme, el Comisionado del P.N.P. presentó una apelación ante el Tribunal de Primera Instancia en la cual solicitó que se revocara la determinación de la Comisión Local. Reclamó, además, que se le impusieran sanciones económicas al Comisionado del P.P.D. para satisfacer los gastos en que incurriría de volver a iniciarse el trámite.

El Tribunal de Primera Instancia revocó la determinación de la Comisión Local y ordenó que se notificaran mediante edicto a los mencionados electores. Además, le impuso al Comisionado del P.P.D. la sanción de cinco mil dólares para sufragar la publicación de los edictos, de su notificación por correo certificado y los honorarios de abogado.

Insatisfecho, el Comisionado del P.P.D. recurrió al Tribunal de Apelaciones mediante un recurso de *certiorari*. Alegó que el Tribunal de Primera Instancia erró al imponerle una sanción económica para pagar los gastos relacionados al procedimiento de recusación de electores y a los honorarios de abogado.

El Tribunal de Apelaciones expidió el auto de *certiorari* y modificó la sentencia del Tribunal de Primera Instancia. Resolvió que al Comisionado del P.P.D. no le correspondía pagar la sanción impuesta. Razonó que la Comisión Local había errado al desestimar las peticiones de recusación original presentadas por el Comisionado del P.N.P., por lo cual, a modo de sanción, le correspondía a ésta pagar los gastos del nuevo proceso de notificación mediante edicto a los electores recusados y de los honorarios de abogado. Posteriormente, el Tribunal de Apelaciones aclaró que la sanción de cinco mil dólares impuesta a la Comisión Estatal de Elecciones (C.E.E.) era únicamente en concepto de costas del pleito.

La C.E.E. recurre ante nos mediante un recurso de *certiorari*. Sostiene que erró el Tribunal de Apelaciones al imponerle el pago de una cantidad fija de costas, a ser sufragado con fondos públicos, sin que las partes hayan evidenciado previamente los gastos reales en los que incurrieron durante el proceso. Acordamos expedir. Concedimos un término a los respectivos Comisionados Electorales para que presentaran sus alegatos. Procedemos a resolver sin el beneficio de sus comparecencias.

## II

A. La Regla 44.1(a) de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone lo siguiente:

> ... Las costas le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación, *excepto en*

*aquellos casos en que se dispusiera lo contrario por ley* o por estas reglas. (Énfasis suplido.)

■ Hemos resuelto que el propósito de las costas judiciales es resarcir a la parte victoriosa por los gastos necesarios y razonables en los que incurrió a causa del litigio. *Auto Servi, Inc. v. E.L.A.*, 142 D.P.R. 321, 326 (1997); *Ferrer Delgado v. Tribunal Superior*, 101 D.P.R. 516, 517 (1973); *Garriga, Jr. v. Tribunal Superior*, 88 D.P.R. 245 (1963). Véase, además, J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Pubs. J.T.S., 2000, T. II, págs. 707–726.

■ Del mismo modo, hemos aclarado que no todos los gastos en los que se incurre durante el transcurso de un procedimiento judicial se considerarán costas recobrables. *Garriga, Jr. v. Tribunal Superior*, supra, págs. 256–257. Por el contrario, para fines de la Regla 44.1(a) de Procedimiento Civil, *supra*, las costas son los gastos para tramitar un pleito o los que el tribunal, en el ejercicio de su discreción, estime que un litigante deba reembolsar a otro. *J.T.P. Dev. Corp. v. Majestic Realty Corp.*, 130 D.P.R. 456, 460 (1992).

■ En ausencia de una estipulación previa de las partes,(1) el mecanismo adecuado para detallar dichas partidas de gastos es el memorando de costas, el cual deberá presentarse bajo juramento en un término jurisdiccional de diez días, contados a partir del archivo en autos de copia de la notificación de la sentencia. 32 L.P.R.A. Ap. III, R. 44.1(b).

■ En Puerto Rico rige la *doctrina de la imposición mandatoria de costas a la parte vencida. Montañez v. U.P.R.*, 156 D.P.R. 395 (2002); *Colondres Vélez v. Bayrón*

---

(1) Véanse, sobre este particular: A. *Álvarez & Hnos. v. Corte de Distrito*, 35 D.P.R. 222 (1926); *Jack's Beach Resort, Inc. v. Cía. Turismo*, 112 D.P.R. 344 (1982); J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Pubs. J.T.S., 2000, T. II, pág. 726.

*Vélez*, 114 D.P.R. 833, 839 (1983). Es decir, una vez presentado oportunamente el memorando de costas, el tribunal deberá determinar cuáles gastos fueron necesarios y razonables, y concederlos a la parte victoriosa. *J.T.P. Dev. Corp. v. Majestic Realty Corp.*, supra, pág. 461.

No obstante lo anterior, la Ley Electoral de Puerto Rico (Ley Electoral)(²) prohíbe expresamente la imposición de costas judiciales en los casos electorales:

> Todas las tramitaciones de asuntos electorales ante los tribunales de justicia se harán *sin pago de costas judiciales en forma alguna*, ni tampoco pagarán sellos de bastanteo del Colegio de Abogados. (Énfasis suplido.) 16 L.P.R.A. sec. 3028.

Aun cuando no procede la imposición de costas judiciales en casos electorales, la C.E.E. ha adoptado un reglamento para procesar el reembolso de los gastos en los que se haya incurrido en las solicitudes de recusación de electores, según veremos a continuación.

B. La C.E.E., de acuerdo con el poder que le confirió la Ley Electoral, aprobó el 9 de enero de 2004 el Reglamento para el Trámite de Recusaciones de la Comisión Estatal de Elecciones (Reglamento). El Reglamento se adoptó con el propósito de regular los procedimientos de recusación, entre otros. Según la Sec. 1.4(11) del Reglamento, pág. 5, la recusación o exclusión se define como

> [e]l procedimiento mediante el cual se requiere se elimine la inscripción de un elector del Registro del Cuerpo Electoral, o cuya petición de inscripción, transferencia u otra transacción haya sido impugnada durante el proceso de inscripción.

Una de las causales para solicitar la recusación o exclusión de un elector inscrito es que no esté domiciliado en el precinto donde se haya inscrito. Reglamento, Sec. 2.3; Art. 2.023 de la Ley Electoral, 16 L.P.R.A. sec. 3073.

---

(²) Art. 1.005(*l*) de la Ley Núm. 4 de 20 de diciembre de 1977, según enmendada, 16 L.P.R.A. sec. 3013(*l*).

En lo aquí pertinente, el Reglamento dispone que el emplazamiento mediante edicto es el mecanismo adecuado para notificar a aquellos electores recusados por domicilio que no puedan ser localizados para diligenciar la citación personalmente. Además, la Sec. 2.16 del referido Reglamento describe cómo se sufragarán los gastos asociados con estas notificaciones a los electores recusados:

> Los gastos incurridos en el trámite de notificación por edicto serán por cuenta del recusador o partido político que inicia el procedimiento de recusación. La Comisión [Estatal de Elecciones] *reembolsará el costo de la publicación del edicto, de la notificación de éste por correo certificado y de la notificación de la decisión por correo, al advenir la Orden de Exclusión final y firme,* excepto en la recusación institucional(³) en la cual los costos recaerán sobre la Comisión. (Énfasis suplido.)

Luego de examinar el derecho aplicable, pasemos a considerar los hechos del presente caso.

## III

En el caso de autos no existe controversia en cuanto a que le corresponde a la C.E.E. reembolsar al partido recusante el gasto en el cual incurrió para tramitar los emplazamientos mediante edicto de las solicitudes de recusación por domicilio que posteriormente se declaren "con lugar". Sin embargo, la objeción de la C.E.E. consiste en que se le haya impuesto una cantidad fija de cinco mil dólares en costas sin que el partido recusador le haya acreditado previamente al tribunal el gasto real en que incurrió. Le asiste la razón.

En primer lugar, conforme a la Ley Electoral y al Reglamento, no procede la imposición de costas judiciales a los procedimientos de recusación de electores. El Reglamento

---

(³) La recusación institucional es aquella en la cual existe consenso entre los Comisionados Locales sobre su procedencia. Sec. 1.4 del Reglamento para el Trámite de Recusaciones de la Comisión Estatal de Elecciones de 9 de enero de 2004.

es claro al disponer que lo que procede es un reembolso de lo que se pagó en los emplazamientos mediante edicto y en las correspondientes notificaciones. A estos efectos, el Reglamento indica que el gasto en que se incurra en las solicitudes de recusación por domicilio será sufragado, en primer lugar, por el partido recusador y que, *en los casos en que progrese la solicitud de recusación*, la C.E.E. los *reembolsará*.([4])

No obstante, el hecho de que el Reglamento disponga quién ha de sufragar, en primera instancia, los gastos de las referidas partidas, no implica que la C.E.E. le pagará automáticamente la cantidad solicitada. Al tratarse del desembolso de fondos públicos, la C.E.E. requiere que se le demuestre cuánto se invirtió en la tramitación de las mencionadas recusaciones antes de procesar el reembolso. Sólo así podrá ésta cumplir con lo dispuesto en el Reglamento aplicable y, lo que es más importante, con el mandato constitucional de velar celosamente por el buen uso de los fondos públicos, según dictamina el Art. VI, Sec. 9 de la Constitución del Estado Libre Asociado, L.P.R.A., Tomo 1.

En el caso que nos ocupa, aún si lo que ordenó el Tribunal de Apelaciones hubiese sido el pago conforme al Reglamento, en el expediente no existe prueba alguna de que los gastos reembolsables asciendan a cinco mil dólares. Por estas razones, no podemos avalar la decisión del Tribunal de Apelaciones que le impone a la C.E.E. el pago de cinco mil dólares de costas.

A pesar de que el Reglamento no especifica el mecanismo que el partido recusador deberá utilizar para justificar el reembolso, entendemos que lo que procede es que éste le presente a la C.E.E. un escrito en el que acredite la cantidad desembolsada por las partidas específicamente enumeradas en el Reglamento. Es decir, que demuestre lo

---

([4]) El término *reembolsar* presupone un gasto inicial desembolsado por una parte que luego le será compensado o devuelto por otra.

que gastó en aquellas recusaciones por domicilio declaradas con lugar de manera final y firme.

## IV

Por los fundamentos que anteceden, *se modifica el dictamen del Tribunal de Apelaciones por considerar que lo que procede es el reembolso de los gastos en que se ha incurrido en los emplazamientos mediante edicto y en las correspondientes notificaciones, según se determinen en su día, conforme al Reglamento para el Trámite de Recusaciones de la Comisión Estatal de Elecciones. Se devuelve el caso a la Comisión Estatal de Elecciones para la continuación de los procedimientos de forma consecuente con lo aquí resuelto.*

*Se dictará Sentencia de conformidad.*