Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| MARISOL LUCRE QUIÑONES, DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR<br><br>Demandante - Apelada<br><br>v.<br><br>MANUEL ORSINI<br><br>Demandado- Apelante | KLAN202400583 | Apelación procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Civil núm.: MZ2023CV02129<br><br>Sobre: Petición de hacer Cumplir Orden (DACO Ley Núm. 5 del 23 de abril de 1973, 3 LPRA 341E (I)) |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de junio de 2024.

El Tribunal de Primera Instancia ("TPI") declaró con lugar una demanda para hacer valer una determinación final y firme del Departamento de Asuntos del Consumidor ("DACo"). Según se explica en detalle a continuación, concluimos que actuó correctamente el TPI, pues no se demostró que exista vicio alguno en el proceso administrativo, mucho menos alguno que pudiese impedir que se ejecute la decisión de DACo.

I.

En diciembre de 2023, el DACo presentó una *Petición para Hacer Cumplir Orden* (la "Demanda"), ello en virtud de la Ley Núm. 5 de 23 de abril de 1973, Ley Orgánica del DACo), 3 LPRA sec. 341 *et seq*.

Mediante la Demanda, se solicitó al TPI que hiciera valer una decisión final emitida por DACo (la "Decisión") en conexión con una querella presentada ante la agencia por la Sa. Marisol Lucre

Quiñones (la "Querellante") en contra del Sr. Manuel Orsini h/n/c Taller Orsini (el "Querellado").

Se alegó que la Decisión, que era final y firme, le requería al Querellado pagarle $1,650.00 a la Querellante, más intereses a partir del 23 de octubre de 2022 hasta el saldo de la deuda. DACo sostuvo que el Querellado no había cumplido con la obligación impuesta.

Mediante una Sentencia notificada el 19 de abril (la "Sentencia"), el TPI declaró con lugar la Demanda, por lo cual ordenó al Querellado pagarle a la Querellante "la suma ordenada de $1,650.00 más los intereses generados desde el 20 de octubre de 2023 hasta el saldo". Además, el TPI le impuso al Querellado la suma de $1,000.00 por concepto de honorarios a favor de DACo, ello bajo la Ley 10 de 20 de marzo de 1972, 23 LPRA sec. 1016[1].

El 6 de mayo (lunes), el Querellado solicitó la reconsideración de la Sentencia, lo cual fue denegado por el TPI mediante una Resolución notificada el 20 de mayo.

Inconforme, el 12 de junio, el Querellado presentó el recurso que nos ocupa; formula los siguientes tres (3) señalamientos de error:

A. Erró el Honorable TPI al entender y adjudicar el presente caso sin jurisdicción, dado que el caso ante el DACo no había advenido final y firme, ya que todavía estaba sin adjudicar una moción de determinaciones adicionales de hecho y de derecho presentada oportunamente.

B. Erró el Honorable (TPI) al entender y adjudicar el presente caso cuando no tenía jurisdicción por falta de parte indispensable, dado que no emplazaron a la cónyuge del peticionario ni a la sociedad legal de gananciales compuesta entre este y su cónyuge.

C. Erró el Honorable TPI al imponer improcedentemente el pago de $1,000 de honorarios por temeridad, en contra de la ley y la jurisprudencia aplicable.

---

[1] Esta ley dispone que: "En todas las acciones que para protección de los consumidores instaren ante nuestros tribunales y los Tribunales Federales, el Departamento de Asuntos del Consumidor y el Departamento de Justicia podrán recuperar costas y honorarios de abogado".

El Querellado señala que, con respecto a la Decisión, presentó oportunamente ante DACo una *Moción de Reconsideración y de Determinaciones Adicionales de Hecho y de Derecho* (la "Moción"). El Querellado arguye que, como DACo no acogió, ni actuó, sobre la Moción, el término dispuesto para solicitar la revisión judicial de la Decisión no ha comenzado a transcurrir. Según la teoría del Querellado, su escrito debe considerarse como dos mociones independientes, una de las cuales todavía estaría pendiente ante la agencia, lo cual, según él, causaría que la Decisión no haya advenido final y firme.

El Querellado también plantea que no incurrió en temeridad (y que el TPI no hizo una determinación al respecto) y, además, que la Decisión no puede ejecutarse porque su esposa tiene un "interés" que podría "verse menoscabado".

De conformidad con la discreción que nos confiere la Regla 7(B)(5) de nuestro Reglamento, resolvemos sin trámite ulterior. 4 LPRA Ap. XXII–B, R. 7(B)(5).

II.

La Sección 3.15 de la Ley 38-2017 ("LPAU"), 3 LPRA sec. 9655, establece que una parte afectada por una resolución u orden parcial o final podrá, en el término de veinte (20) días desde el archivo en autos de la notificación de una resolución u orden, presentar una moción de <u>reconsideración</u> ante el foro administrativo. En su parte pertinente, la Sección 3.15 de la LPAU, *supra*, dispone lo que sigue a continuación:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique

dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso.

[...]

La anterior disposición de ley significa que una oportuna moción de <u>reconsideración</u> interrumpe automáticamente el término para acudir en revisión judicial. La agencia tendrá un término de quince (15) días desde presentada la reconsideración para considerarla. Ahora bien, de no actuar dentro del referido término, se entiende que la agencia ha rechazado de plano la moción de reconsideración, y así, la parte que así lo interese deberá acudir ante este Tribunal en el término de treinta (30) días a partir de que expiren esos quince (15) días. Véase, por ejemplo, *Flores Concepción v. Taíno Motors*, 168 DPR 504, 514 (2006).

De otra parte, "las Reglas de Procedimiento Civil no aplican automáticamente en procedimientos administrativos". *Flores Concepción*, 168 DPR a la pág. 518, citando a *Pérez v. VPH Motor Corp.*, 152 DPR 475, 484 (2000). Al amparo de ese criterio rector, las Reglas de Procedimiento Civil pueden aplicarse en el contexto administrativo siempre que estas no sean incompatibles con el proceso en cuestión y viabilicen una solución justa, rápida y económica. *Florenciani v. Retiro*, 162 DPR 365, 370 (2004); véase, además, Sección 1.2 de la LPAU, 3 LPRA sec. 2101. Por el contrario, si "la extensión de las reglas judiciales acarrea trabas que obstaculizan la flexibilidad, agilidad o sencillez que debe tener el proceso administrativo", la aplicación concerniente resultaría improcedente. *Florenciani*, 162 DPR a la pág. 371. Así lo reafirma expresamente la Regla 24 del Reglamento Núm. 8034 del 13 de junio de 2011, Reglamento de Procedimientos Adjudicativos del DACO:

Regla 24 - Aplicación de las Reglas de Procedimiento Civil y de Evidencia.

Las Reglas de Procedimiento Civil y de Evidencia **no serán de estricta aplicación a las vistas administrativas**, sino en la medida en que el Funcionario o Panel de Jueces que presida la vista o el

Departamento **estime necesario para llevar a cabo los fines de la justicia**. (Énfasis nuestro).

III.

De otra parte, la Regla 16.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 16.1, define una parte indispensable como las "personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia [...]". Véanse, además, *Watchtower Bible v. Mun. Dorado I*, 192 DPR 73, 118 (2014); *Bonilla Ramos v. Dávila Medina*, 185 DPR 667, 678 (2012); *Deliz et als. v. Igartúa et als.*, 158 DPR 403, 432 (2003); *Sánchez v. Sánchez*, 154 DPR 645, 678 (2001); *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 223 (2007); *Romero v. S.L.G. Reyes*, 164 DPR 721, 733 (2005).

El interés de la parte debe ser "real e inmediato", para que se considere que dicha parte es indispensable; no puede tratarse de "**meras especulaciones o de un interés futuro**". *Deliz et als.*, 158 DPR a la pág. 435 (énfasis en el original). El "alcance" de la figura de parte indispensable es "restringido", de forma que solamente puede invocarse cuando la "adjudicación sin la persona ausente tendría un efecto perjudicial sobre el interés real e inmediato" de esta. *García Colón v. Sucn. González*, 178 DPR 527, 549 (2010), citando a *Mun. de Ponce v. A.C. et al.*, 153 DPR 1, 16 (2000).

Para determinar si una parte es realmente indispensable, debemos adoptar un enfoque pragmático, pues el asunto dependerá de los "hechos particulares y específicos" del caso. *Deliz et als.*, 158 DPR a la pág. 434, citando *Granados Navedo v. Rodríguez Estrada II*, 124 DPR 593, 605 (1989). Debemos realizar "una evaluación individual de acuerdo con las circunstancias particulares presentes en cada caso" y no utilizar una "fórmula con pretensiones omnímodas". *García Colón*, 178 DPR a la pág. 550.

En ese contexto, al determinar si estamos ante una parte indispensable, debemos evaluar los siguientes factores: (1) el interés común de todas las partes sobre el asunto medular del pleito; (2) la inmediatez de ese interés ante el litigio en proceso; y (3) la necesidad de que la presencia de la parte acumulada garantice un remedio completo a las partes que ya están en el caso. *Íd.*; *Romero*, 164 DPR a la pág. 733.

IV.

El remedio disponible como sanción por el uso indebido de los procedimientos legales será la imposición de costas y honorarios de abogado por temeridad, cuando procedan. *Giménez Álvarez v. Silén Maldonado*, 131 DPR 91, 97 (1992). Es norma en nuestra jurisdicción que incurre en temeridad aquella parte que "con terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconvenientes de un pleito." *Torres Montalvo v. Gobernador ELA*, 194 DPR 760, 778 (2016); *S.L.G. Flores-Jiménez v. Colberg*, 173 DPR 843, 866 (2008). Véase, además, *Torres Ortiz v. E.L.A.*, 136 DPR 556, 565-66 (1994).

Así pues, los honorarios por temeridad buscan "disuadir la litigación innecesaria y alentar las transacciones, mediante la imposición de sanciones a la parte temeraria, que compensen los perjuicios económicos y las molestias sufridas por la otra parte". *Torres Ortiz*, 136 DPR a la pág. 565. La imposición de honorarios de abogado por temeridad es una facultad discrecional del tribunal que no será variada a menos que la misma constituya un abuso de discreción, o cuando la cuantía sea excesiva o exigua. Véase, *Andamios de P.R. v. Newport Bonding*, 179 DPR 503, 520 (2010); *Monteagudo Pérez v. ELA*, 172 DPR 12, 31 (2007); *Ramírez v. Club Cala de Palmas*, 123 DPR 339, 350 (1989). Ahora bien, una vez el

tribunal determina que la parte incurrió en dicha conducta, está obligado a conceder los honorarios a favor de la parte prevaleciente. *Meléndez Vega v. El Vocero de PR,* 189 DPR 123 (2013).

Por otro lado, en cuanto a las costas, la norma es que la parte vencedora en un caso civil tiene derecho a que la otra parte se las reembolse. *Comisionado v. Presidenta,* 166 DPR 513, 518 (2005); Regla 44.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1.

Así pues, se permite: i) restituir los gastos necesarios y razonables que una parte incurrió para hacer valer su derecho al ser obligada a litigar, y ii) penalizar la litigación inmeritoria, temeraria, o viciosa. *Rosario Domínguez v. ELA,* 198 DPR 197, 211 (2017); *Maderas Tratadas v. Sun Alliance, et al.,* 185 DPR 880 (2012); *Auto Servi, Inc. v. E.L.A.,* 142 DPR 321, 327 (1997).

V.

Concluimos que actuó correctamente el TPI al declarar con lugar la Demanda. Veamos.

En primer lugar, en el ámbito administrativo, únicamente una moción de reconsideración paraliza el término para acudir a este Tribunal en revisión judicial. Véanse Artículos 3.15 y 4.2 de LPAU, 3 LPRA secs. 9655 y 9672. En este caso, la Moción se considera, por su contenido e independientemente de su título, como una sola moción de reconsideración. Al no haberse atendido por la agencia, la misma se considera rechazada de plano, con lo cual comenzó a transcurrir el término para solicitar revisión ante este Tribunal. Por tal razón, tal como alegó DACo, la Decisión sí era final y firme cuando se presentó la Demanda.

En segundo lugar, aun bajo la premisa del Querellado, a los efectos de que la Moción debe considerarse como dos mociones independientes, de todas maneras, concluiríamos que la Decisión advino final y firme. Ello porque dejar de resolver una moción de determinaciones de hecho adicionales no tiene el efecto de

interrumpir el término para solicitar la revisión judicial de una determinación final de DACo. Según arriba explicado, solo una moción de reconsideración tiene ese efecto.

Por otra parte, tampoco tiene razón el Querellado al plantear que su esposa era parte indispensable en la Querella. La Querellante podía obtener un remedio completo de DACo sin la presencia de la esposa del Querellado. Adviértase que la Sentencia fue dictada únicamente contra el Querellado, por lo que, de su faz, los intereses de la esposa del Querellado no se afectan.

Finalmente, tampoco erró el TPI al conceder una cuantía por concepto de honorarios a favor de DACo. El estatuto pertinente así lo contempla, sin que sea necesario que medie una determinación de temeridad. 23 LPRA sec. 1016. El TPI explícitamente hizo referencia a dicha ley al disponer al respecto. La cuantía concedida es razonable, por lo que tampoco podemos concluir que hubiese abusado de su discreción el TPI al fijarla.

VI.

Por los fundamentos que anteceden, se confirma la Sentencia apelada.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones