Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| ASOCIACIÓN DE RESIDENTES DEL CONDOMINIO TORRIMAR PLAZA<br><br>Recurrida<br><br>v.<br><br>TRIPLE-S PROPIEDAD Y OTROS<br><br>Peticionarios | KLCE202400808 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso núm. BY2019CV05387 (703)<br><br>Asunto: Daños y otros |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, la Jueza Domínguez Irizarry y el Juez Candelaria Rosa.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de agosto de 2024.

El Tribunal de Primera Instancia ("TPI") aprobó un memorando de costas presentado por la parte demandante, quien obtuvo, a través de una transacción, una compensación de aproximadamente $1.5 millones (menos el deducible) en conexión con una reclamación a una aseguradora por daños causados por el huracán María. Según se explica a continuación, procede la confirmación de lo actuado por el TPI, pues las partidas solicitadas, relacionadas, por ejemplo, con gastos de perito y toma de deposiciones, son de las típicamente contempladas como gastos recobrables y no se demostró que el TPI abusara de su discreción al concluir que dichos gastos fueron razonables y necesarios en este caso para que la demandante prevaleciera.

---

[1] El recurso fue asignado a este panel especial por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre *Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones*. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por este panel especial, pues fueron sus integrantes, con excepción de uno de ellos quien posteriormente dejó de ejercer funciones como juez de este Tribunal, quienes adjudicaron el caso, KLAN202200019, y posteriormente el caso KLCE202201150.

I.

En septiembre de 2019, el Consejo de Titulares del Condominio Torrimar Plaza (el "Condominio") presentó la acción de referencia, por incumplimiento de contrato, y daños y perjuicios, contra Triple-S Propiedad (la "Aseguradora").

El Condominio alegó ser dueño de una póliza de seguros (la "Póliza") sobre un inmueble ubicado en Guaynabo (la "Propiedad"), con cubierta para daños ocasionados por huracanes, la cual se encontraba vigente en septiembre de 2017, cuando el huracán María pasó por Puerto Rico.

El Condominio aseveró que, tras el paso del huracán María, la estructura de la Propiedad sufrió daños considerables. A su vez, alegó que presentó una reclamación al respecto, pero la Aseguradora incumplió con sus deberes y obligaciones bajo la Póliza, pues no ofreció una compensación justa por los daños sufridos. El Condominio reclamó el pago de $3,713,405 por los daños a la Propiedad, y $1,500,000 por daños y angustias mentales.

Luego de varios trámites procesales, en octubre de 2021, el Condominio presentó una *Moción Solicitando Sentencia Sumaria Parcial*. Indicó que, antes de instar la Demanda, la Aseguradora le cursó dos *Proof of Loss* y ajustes, según los cuales la Propiedad sufrió daños por los cuales el Condominio tenía derecho a recibir $594,864.50. El Condominio planteó que las cuantías indicadas en los referidos *Proof of Loss* y ajustes eran un reconocimiento de una deuda líquida, vencida y exigible. El Condominio solicitó que se ordenara a la Aseguradora a emitir de inmediato el pago correspondiente.

Mediante una *Sentencia Parcial* notificada en noviembre de 2021, el TPI ordenó a la Aseguradora satisfacer inmediatamente la suma de $594,864.50. Inconforme, la Aseguradora apeló, y este Tribunal confirmó la sentencia apelada (KLAN202200019).

Continuados los procedimientos, el 29 de abril de 2024, la Aseguradora cursó una Oferta de Sentencia, de conformidad con la Regla 35.1 de las de Procedimiento Civil (la "Oferta"), por la suma de $600,000.00. En esa oferta, recibida por el Condominio el 3 de mayo, la Aseguradora indicó que la suma de $600,000.00 era en adición a los aproximadamente $600,000 ya pagados al Condominio.[2]

Unos días luego (13 de mayo), el Condominio presentó una moción en la cual informó que aceptaba la Oferta.[3] Ello a raíz de una asamblea extraordinaria del consejo de titulares del Condominio, celebrada ese mismo día. Solicitó que se dictase sentencia de conformidad con la oferta y que se impusiera a la Aseguradora el pago de costas, asunto sobre el cual la Oferta guardaba silencio.

El 24 de mayo, la Aseguradora le informó al TPI que se oponía a que, en la sentencia, se ordenase el pago de costas. Arguyó que debía entenderse que la Oferta "se circunscribe únicamente a la suma ofrecida".

El 28 de mayo, el TPI notificó una Sentencia (la "Sentencia"), mediante la cual condenó a la Aseguradora al pago de $600,000.00 más las "costas incurridas por la parte demandante en el curso del trámite judicial de conformidad [con] lo dispuesto por la Regla 44.1(b) de Procedimiento Civil y jurisprudencia aplicable".

El 5 de junio, el Condominio presentó ante el TPI un *Memorando de Costas* (el "Memorando").[4] En el mismo solicitó el recobro de las siguientes partidas:

| Surge del Expediente SUMAC | Aranceles de Presentación Primera Instancia | $90.00 |
|---|---|---|
| Anejo I | Factura Peritaje Entech-PR, PSC. Fact #202008-01- | $2,891.20 |

---

[2] Apéndice del recurso, pág. 56.
[3] Apéndice del recurso, págs. 51-55.
[4] Apéndice del recurso, págs. 81-95.

| | | |
|---|---|---|
| | Inspecciones Preparación Informe Pericial | |
| Anejo II | Factura Peritaje Entech-PR, PSC. Fact #202008-02- Inspecciones Preparación Informe Pericial | $19,552.00 |
| Anejo III | Factura Peritaje Entech-PR, PSC. Fact #202008-03- Inspecciones Preparación Informe Pericial | $22,620.00 |
| Anejo IV | Factura Peritaje Entech-PR, PSC. Fact #202008-04- Servicios Periciales | $1,248.00 |
| Anejo V | Bonard International Corp. Factura # 22-6833-Deposición Ajustador Triple S-Rafael Betancourt Medina | $187.20 |
| Anejo VI | Bonard International Corp. Factura # 23-7238-Deposición Ajustador Triple S-Ricardo Acosta de la Rosa | $773.76 |
| Anejo VII | Bonard International Corp. Factura # 23-7238-Deposición Inspector Prejudicial Triple S-Juan A. Ortiz Tait | $1,175.20 |
| Anejo VIII | Bonard International Corp. Factura # 24-7509-Continuación Deposición Inspector Prejudicial Triple S-Juan A. Ortiz Tait | $860.60 |
| Anejo IX | Greenwave Solution-Factura 2024030-Deposición Perito Triple S | $1,950.00 |
| Anejo X | Bonard International Corp. Factura # 24-7707-Deposición Perito Triple S-Juan A. Ortiz Tait, ajustador Triple S-Joaquín Acosta y la Rep. Inst. de Triple S Amabel Escalera | $1,792.70 |
| Anejo XI | Certificación Gastos Contabilidad | |
| | TOTAL | $53,140.66 |

El Condominio acompañó con el Memorando copia de las diversas facturas que apoyaban cada partida reclamada.

El 18 de junio, la Aseguradora se opuso al Memorando.[5] Sostuvo que los gastos reclamados eran irrazonables y que los mismos "no fueron necesarios para el resultado obtenido" por el Condominio. Resaltó que, en el informe pericial del Condominio, se estimaron los daños en más de $4 millones, pero que el caso se

---

[5] Apéndice del recurso, págs. 96-99.

había transigido por aproximadamente $1.2 millones. Arguyó que dos de las deposiciones por cuyos gastos se reclamó se tomaron el 20 de marzo y el 8 de abril, luego de que se le comunicara inicialmente al Condominio la disposición de la Aseguradora a transigir por un pago adicional de $600,000, lo cual se formalizó luego a través de la Oferta, la cual tiene fecha de finales de abril. También planteó que el Condominio reclamaba gastos periciales por 272 horas de inspección y 240 horas por la preparación del informe, lo cual consideró "totalmente irracional". La Aseguradora solicitó al TPI que limitase las costas a la cantidad de $90.00 correspondientes a los aranceles de presentación de la Demanda.

Mediante una *Orden* notificada el 20 de junio de 2024, el TPI aprobó el *Memorando*.

Inconforme, el 22 de julio (lunes), la Aseguradora presentó el recurso que nos ocupa, en el cual reproduce lo planteado al TPI en oposición al Memorando.

El Condominio se opuso al recurso presentado por la Aseguradora. Aclaró que el monto de lo obtenido por el Condominio realmente ascendía a aproximadamente $1.5 millones, pues debía tomarse en cuenta que lo desembolsado ($1.2 millones) era menos por el efecto del deducible pactado (aproximadamente $320,000).

El Condominio, además, resaltó que la aceptación de una oferta menor a la cuantía reclamada no necesariamente implica que no tuviese méritos la reclamación, pues dicha aceptación puede responder al interés en obtener un pago más rápido y manejar el riesgo que todo litigio conlleva, particularmente ante la "necesidad de realizar reparaciones" y el "desgaste por dilación de los procesos".

En cuanto al tiempo invertido por los peritos, el Condominio arguyó que las aseveraciones de la Aseguradora eran "simplemente teorías de un representante legal", las cuales carecían de "prueba, estadística u opinión preparad[a] por un experto". Disponemos.

II.

La imposición de las costas y los honorarios de abogado se rigen por lo dispuesto en la Regla 44.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1. En lo pertinente, se establece que las costas "le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión [...]". Regla 44.1 (a) de Procedimiento Civil, *supra*.

Las costas que podrá conceder el tribunal son los gastos necesariamente incurridos en la tramitación del pleito o procedimiento que la ley ordena, o los que el tribunal, en su discreción, estime que una parte litigante debe reembolsar a la otra. *Íd.* Esta norma procesal cumple los propósitos de: a) restituir los gastos necesarios y razonables que una parte incurrió para hacer valer su derecho al ser obligada a litigar y b) penalizar la litigación inmeritoria, temeraria, o viciosa. *Rosario Domínguez v. ELA*, 198 DPR 197, 212 (2017).

Previo a imponer costas, es necesaria la presentación oportuna de un memorando de costas, detallando los gastos incurridos. *Íd.* No todos los gastos que se incurren durante la tramitación de un litigio se reconocen como recobrables. *Comisionado v. Presidenta*, 166 DPR 513, 518 (2005); *Garriga v. Tribunal*, 88 DPR 245, 256-257 (1963). Para fines de la Regla 44.1 (a) de las de Procedimiento Civil, *supra*, se trata de aquellos gastos incurridos necesariamente en la tramitación del pleito. *JTP Development Corp. v. Majestic Realty Corp.*, 130 DPR 456, 460 (1992). Así, quedan excluidos aquellos gastos innecesarios, superfluos o extravagantes.

En cuanto a los peritos, la concesión de costas opera por vía de excepción y solo se pueden otorgar cuando ello esté plenamente justificado. *Maderas Tratadas v. Sun Alliance, et al.*, 185 DPR 880, 935 (2012). Los gastos incurridos en peritos estarán justificados

cuando se demuestre que el testimonio pericial presentado era necesario para que prevaleciera la teoría de la parte vencedora. *Íd.* Esto implica que el tribunal deberá evaluar la importancia y utilidad del testimonio y descartar las costas reclamadas por prueba irrelevante, inmaterial o innecesaria. *Íd.* Por otro lado, los gastos incurridos para obtener deposiciones también son recobrables si el tribunal estima que fueron necesarios. *JTP Development Corp.* a la pág. 466.

**El tribunal tiene amplia discreción para evaluar la razonabilidad y necesidad de los gastos detallados**. *Maderas Tratadas*, 185 DPR a la pág. 935. Esta discreción se ejercerá con moderación, y se examinará cuidadosamente el memorando de costas en cada caso. Ahora bien, ante una reclamación razonable, la imposición de costas a favor de la parte prevaleciente resulta mandatoria. *Íd.*, a la pág. 934. Los tribunales revisores no intervendrán con la discreción del TPI, a menos que se demuestre que dicho foro cometió **un abuso de discreción**. *Andino Nieves v. A.A.A.*, 123 DPR 712, 719 (1989).

III.

La naturaleza de los gastos aquí reclamados encaja cómodamente dentro del tipo de costas que son recobrables, por ser necesarias para prevalecer en un litigio de esta naturaleza. El Memorando se acompañó con las facturas correspondientes y la Aseguradora no ha demostrado que el TPI hubiese abusado de su discreción al aprobar el Memorando. Veamos.

No hay controversia sobre el hecho de que, para prevalecer, el Condominio necesitaría obtener prueba pericial. El TPI no estaba en posición de variar las facturas de los peritos del Condominio, simplemente porque la Aseguradora asevere que, a su juicio, es "irracional" que los peritos invirtieran la cantidad de tiempo consignada en las referidas facturas. Meras teorías y argumentos,

sin prueba pertinente alguna en apoyo, no son suficientes para impugnar con éxito las horas laborables que un perito ha certificado que le tomó realizar su trabajo.

Resaltamos, además, que, desde el inicio del pleito, el Condominio contrató al Ing. Roberto López como su perito[6] para opinar sobre la naturaleza y cuantía de los daños reclamados en la Demanda. Como parte de su participación en este pleito, el perito inspeccionó la Propiedad físicamente, lo que incluía sus áreas comunes, las unidades de apartamento, entre otras áreas cubiertas por la Póliza; sostuvo reuniones con oficiales de la Aseguradora y, sobre la base de sus hallazgos, rindió un informe pericial. No abusó de su discreción, por tanto, el TPI al concluir que el perito utilizado por el Condominio fue necesario para prevalecer.

Por otra parte, y contrario a lo planteado por la Aseguradora, no tiene pertinencia cualquier comparación entre la cuantía obtenida por el Condominio y la cuantía reclamada inicialmente. Lo pertinente, al momento de otorgar costas, es (i) si prevaleció la parte que las reclama y (ii) si el gasto reclamado era necesario para prevalecer. Una parte no deja de ser parte prevaleciente, a los efectos de tener derecho al reembolso de costas, simplemente porque se haya obtenido, por la vía judicial o transaccional, una cuantía menor a la inicialmente reclamada.

Por tanto, también es inmeritorio el planteamiento de la Aseguradora, en cuanto a la necesidad de las deposiciones tomadas a los ajustadores de la Aseguradora y al perito de la Aseguradora. Ello pues dicho planteamiento descansa, precisamente, en su errada apreciación sobre la relevancia de la comparación entre lo reclamado y lo finalmente obtenido. En cualquier caso, la cuantía

---

[6] Véase, SUMAC, Entrada Núm. 25.

obtenida ($1.5 millones) resulta sustancial en comparación con la reclamada ($4 millones).

Tampoco tiene pertinencia la fecha en que se depuso al ajustador (Sr. Joaquín Acosta) y al perito (Ing. Juan Ortiz Tait). En el momento en que ello ocurrió, no se había cursado una oferta formal de sentencia y, en cualquier caso, el Condominio todavía no había tenido la oportunidad de evaluarla finalmente a través de una asamblea, por lo cual, en el momento en que se tomaron, eran necesarias. Ello ante la incertidumbre de si se aceptaría la oferta de la Aseguradora, y ante el hecho de que esas deposiciones ya habían sido pospuestas en ocasiones anteriores.

En resumen, examinada la totalidad del expediente, concluimos que no hay base para intervenir con la discreción ejercida por el TPI al concluir que los gastos reclamados por el Condominio fueron razonables y necesarios para prevalecer. *JTP Dev. Corp., supra.*

IV.

Por los fundamentos antes expuestos, se expide el auto de *certiorari* y se confirma la decisión recurrida.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones