<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL 2025-10[1]</td></tr>
<tr>
<td>Consejo de Titulares del Condominio Jardines del Parque Escorial<br><br>Recurrido<br><br>v.<br><br><br>Mapfre Praico Insurance Company<br><br>Peticionaria</td>
<td>TA2025CE00482</td>
<td><i>Certiorari</i><br>Procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil Núm.: CA2019CV03404 (402)<br><br>Sobre:<br>Código de Seguros y otros</td>
</tr>
</table>

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard

Santiago Calderón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de octubre de 2025.

Comparece Mapfre Praico Insurance Company (MAPFRE o peticionario), mediante el presente recurso de *Certiorari* y nos solicita que revoquemos una *Resolución* emitida el 12 de junio de 2025 por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI o foro recurrido), mediante la cual declaró *Ha Lugar* el *Memorando de Costas* presentado por el Consejo de Titulares del Condominio Jardines del Parque Escorial (Consejo o recurrido), concediéndole a éste la suma de $101,234.74 por "los gastos y desembolsos necesarios" alegadamente incurridos para la tramitación del procedimiento que culminó con el dictamen de una *Sentencia Parcial*[2].

---

[1] El recurso de epígrafe fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, con efectividad del 10 de enero de 2022, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el correspondiente recurso anterior.

[2] Entrada #281 del Sistema Unificado de Manejo de Casos (SUMAC).

Por los fundamentos que discutiremos a continuación, ***denegamos*** el recurso presentado.

**I.**

La controversia que nos ocupa se originó el 4 de septiembre de 2019, cuando el recurrido presentó una *Demanda*[3] en contra de MAPFRE, en la que alegó varias causas de acción, entre estas: incumplimiento contractual, mala fe y dolo en el cumplimiento de sus obligaciones contractuales. En síntesis, el recurrido alegó que había presentado una reclamación por los daños que el huracán María le causó a la propiedad asegurada, y que MAPFRE había incumplido con los términos y condiciones de la póliza e incurrido en prácticas desleales. Arguyó que sus expertos identificaron daños que ascendían a $11,560,506.55 en diversas áreas del complejo. También solicitó que el Tribunal condenara a MAPFRE a pagar la cantidad de $11,560,506.55 al Consejo como compensación por los daños alegadamente sufridos en la propiedad como consecuencia del huracán María, y la cantidad de $1,156,050.65 como compensación por daños y perjuicios causados a consecuencia de las supuestas violaciones de la, Ley 247–2018[4].

En los días 3 y 10 de enero de 2020, MAPFRE presentó su *Contestación a Demanda*[5] y *Contestación Enmendada a Demanda*[6] e hilvanó sus defensas para negar las alegaciones del Consejo. Eventualmente, y durante el transcurso del litigio, el Consejo enmendó su reclamación. Durante el descubrimiento de prueba, el Consejo notificó un informe pericial a MAPFRE suscrito por Thomas J. Irmiter de Forensic Building Science, Inc. ("FBS") y el Ing. Roberto

---

[3] Entrada #1 de SUMAC.
[4] Véase la Petición de *Certiorari,* entrada #1 de SUMAC TA, pág. 6, la cual cita la *Sentencia Parcial*, entrada #281 de SUMAC, pág 2. Destacamos que, tanto la *Sentencia* impugnada como el recurso de *Certiorari* hacen referencia a la Ley 247-2018, cuando lo correcto es hacer referencia al Código de Seguros de Puerto Rico, 26 LPRA secc. 101 *et. seq.*
[5] Entrada #11 de SUMAC.
[6] Entrada #12 SUMAC.

López Esquerra de Entech Design and Project Management, PSC ("Entech"). Con dicho informe, el Consejo aumentó su reclamación de daños a la propiedad a la cantidad de $12,105,385.92.

Luego de una serie de incidentes procesales que no son necesarios pormenorizar, el 11 de enero de 2023, el Consejo y MAPFRE presentaron una *Moción Informativa Sobre Estipulación de Candidato de Consenso a Ser Nombrado Comisionado Especial*[7] y el Lcdo. Eugene Hestres fue seleccionado por ambas partes como comisionado especial en este caso. A tales fines, el 18 de enero de 2023, el TPI emitió una *Orden*[8] y especificó las funciones requeridas por el foro recurrido.

El 14 de agosto de 2023, las partes presentaron un *Informe de Conferencia con Antelación a la Vista Ante el Comisionado Especial*[9]. Como prueba pericial, el Consejo anunció al Sr. Thomas Irmiter y al Ing. Roberto López Esquerra. Por su parte, MAPFRE anunció como su perito al Ing. William Rosario Chárriez de la firma ROV Engineering Services, PSC y al Ajustador, Sr. Omar Acevedo, para declarar sobre los términos y condiciones de la póliza de seguros y el ajuste del estimado de daños preparado por el perito de MAPFRE.

La Vista en su Fondo ante el Comisionado Especial se llevó a cabo los días 22 de agosto y 25 de septiembre de 2023. En dicho informe, el Comisionado determinó que los daños sufridos por el Condominio a causa del huracán María ascendían a la cantidad bruta de $1,718,200.33, ajustados a la cantidad de $871,572.50, luego de aplicar los términos y condiciones de la póliza de seguros.

El 15 de mayo de 2025, archivada en autos copia de su notificación el mismo día, el TPI dictó una *Sentencia Parcial,* mediante la cual declaró "*NO HA LUGAR lo peticionado por el Consejo*

---

[7] Entrada #159 de SUMAC.
[8] Entrada #160 de SUMAC.
[9] Entrada #173 de SUMAC.

*en la Demanda de una compensación de $11,560,506.55, cuantía enmendada y aumentada a $12,105,385.92 según el informe de daños rendido por sus peritos, procediendo entonces el pago de la cantidad neta adjudicada de $972,739.95 a favor del Consejo, según lo determinado por el Comisionado en su Informe Final*"[10].

El 22 de mayo de 2025, MAPFRE consignó la suma de $972,739.95 más intereses legales, en cumplimiento de la *Sentencia Parcial*[11]. El 27 de mayo de 2025, MAPFRE presentó un *Memorando de Costas*[12], en el que alegó que el Informe del Comisionado acogió esencialmente el informe pericial de daños de los peritos de MAPFRE, con algunas breves enmiendas, de manera que el mismo le es favorable. También, alegó que en el Informe Final, además de adoptar el informe de los peritos de MAPFRE, el Comisionado expresó que el informe que rindió previamente con fecha de 11 de diciembre de 2023, había determinado que "luego de analizada y aquilatada la prueba presentada, los daños sufridos por el Condominio a causa del huracán María ascendían a la cantidad bruta de $1,718,200.33, ajustados a la cantidad de $871,572.50 luego de aplicar los términos y condiciones de la póliza de seguros de conformidad con el informe pericial de daños de MAPFRE"[13]. Por consiguiente, reclamó la cantidad de $204,147.17 por concepto de costas.

En igual fecha, el Consejo presentó un *Memorando de Costas*[14] en el cual alegó que la *Sentencia Parcial* fue a su favor. Allí, adujo ser acreedora de varias partidas que totalizan **$101,690.74** por concepto de gastos alegadamente incurridos para la tramitación del procedimiento que culminó con la *Sentencia Parcial*[15]. El 4 de

---

[10] Entrada #281 de SUMAC.
[11] Entrada #282 de SUMAC.
[12] Entrada #285 de SUMAC.
[13] *Íd.*
[14] Entrada #286 de SUMAC.
[15] *Íd.*

junio de 2025, el TPI declaró No Ha Lugar lo peticionado por el Consejo "en esta etapa de los procedimientos"[16]. El 6 de junio, MAPFRE procedió a hacer constar su oposición para récord mediante "*Oposición a Memorando de Costas de la Parte Demandante*"[17], de manera que obrara consignada para cuando proceda su consideración. El 16 de junio de 2025, el Consejo presentó Moción de *Reconsideración*[18]. El 18 de junio de 2025, el TPI dictó *Resolución*[19] mediante la cual declaró "Ha Lugar" el *Memorando de Costas* presentado por el Consejo, concediéndole a éste la suma de $101,234.74 por "los gastos y desembolsos necesarios incurridos durante la tramitación de la etapa apelativa del pleito". El Consejo solicitó el retiro de los fondos consignados y el 23 de junio de 2025, MAPFRE presentó *Oposición a Moción de Reconsideración sobre Consignación de Fondos*[20].

El 3 de julio de 2025, MAPFRE presentó una *Moción de Reconsideración*[21] sobre la concesión de costas y arguyó que al Consejo no le corresponde las costas porque fue la parte perdidosa en este litigio. Además, el Informe Pericial que prevaleció ante el Comisionado Especial Lcdo. Hestres y acogido por el TPI fue el que suscribió el perito de MAPFRE, Ing. William Rosario Chárriez. Ante dicho petitorio, el TPI declaró No Ha Lugar la *Moción de Reconsideración* de MAPFRE. El 25 de agosto de 2025, el TPI emitió *Resolución Enmendada*[22] en la que se redujo la cuantía a satisfacer MAPRE por concepto de costas, a saber **$101,130.74**. El 27 de agosto de 2025, el foro recurrido emitió *Resolución*[23] y declaró No Ha Lugar a la *Moción de Reconsideración* presentada por MAPFRE.

---

[16] Entrada #291 de SUMAC.
[17] Entrada #292 de SUMAC.
[18] Entrada #295 de SUMAC.
[19] Entrada #297 de SUMAC.
[20] Entrada #299 de SUMAC.
[21] Entrada #307 de SUMAC.
[22] Entrada #319 de SUMAC.
[23] Entrada #321 de SUMAC.

Inconforme, el 22 de septiembre de 2025, MAPFRE compareció ante este foro intermedio apelativo mediante el recurso de epígrafe y planteó el siguiente error:

> Erró el Tribunal de Primera Instancia al conceder las costas solicitadas por el Consejo y no las peticionadas por MAPFRE, a pesar de que en la Sentencia Parcial declaró No Ha Lugar lo solicitado por éste en la Demanda, acogiendo el Informe del Comisionado Especial.

Por su parte, el 3 de octubre de 2025, el recurrido presentó *Oposición al Certiorari* y esbozó que no debe de expedirse el recurso presentado; también adujo que el TPI actuó *conforme a derecho al conceder costas al Consejo al amparo de la Regla 44.1 de Procedimiento Civil, infra. La Regla 44.1 es clara en cuanto a que el TPI concederá costas a la parte prevaleciente,* que la contratación pericial era necesaria para las defensas del Consejo, que MAPFRE falló en cumplir con el estándar establecido en la Regla 44.1 de Procedimiento Civil[24], que las costas solicitadas por el Consejo son apropiadas y compensables bajo la Regla 44.1 de Procedimiento Civil, infra, y su jurisprudencia interpretativa. Finalmente, alegó que la Petición incumple crasamente con los requisitos y criterios para expedir un recurso de *Certiorari.*

Posteriormente, el 6 y 7 de octubre de 2025, el Consejo presentó dos *Mociones Informativas,* en las que notificó a este foro intermedio que tuvo problemas con la plataforma SUMAC del Tribunal de Apelaciones para descargar los anejos, y esto imposibilitó completar la presentación de la *Oposición al Certiorari.* Además, informó que procuró asistencia y aunque recibió una orientación, el problema con la plataforma continuó, así pues, solicitó que se tomara conocimiento de esta situación técnica.

---

[24] 32 LPRA Ap. V, R. 44.1.

Examinada la *Moción Informativa* procedemos a declarar Ha *Lugar*, conforme con la Regla 74 (F) de nuestro Reglamento[25].

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**-A-**

El auto de *certiorari* es un recurso procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos en el ámbito de la Regla 52.1 de Procedimiento Civil[26] y conforme a los criterios que dispone la Regla 40 del Reglamento del Tribunal de Apelaciones[27]. Nuestro ordenamiento judicial ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto[28]. Esta norma de deferencia también aplica a las decisiones discrecionales de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[29]

En ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia[30]. No obstante, la Regla 52.1 de Procedimiento Civil, *supra,* faculta nuestra intervención en

---

[25] Regla 74 (F) del Reglamento *del Tribunal de Apelaciones*, según enmendada, In Re Aprob. Enmda. Reglamento TA, 2025 TSPR 42, 215 DPR ____ (2025).

[26] 32 LPRA Ap. V, R. 52.1.

[27] Regla 40 del Reglamento *del Tribunal de Apelaciones*, según enmendada, In Re Aprob. Enmda. Reglamento TA, 2025 TSPR 42, 215 DPR ____ (2025).

[28] *Coop. Seguros Múltiples de P.R. v. Lugo,* 136 DPR 203, 208 (1994).

[29] *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

[30] *García v. Padró,* 165 DPR 324, 334-335 (2005*); Zorniak Air Servs. v. Cessna Aircraft Co.,* 132 DPR 170, 180 (1992).

situaciones determinadas por la norma procesal. En específico establece que:

> [...] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.[31]
> [...]

En armonía con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, para dirigir la activación de nuestra jurisdicción discrecional en estos recursos dispone que para expedir un auto de certiorari, este Tribunal debe tomar en consideración los siguientes criterios:

> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se encuentra el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por lo tanto, un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido.

---

[31] 32 LPRA Ap. V, R. 52.1.

Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

**-B-**

En nuestro ordenamiento jurídico, la concesión de costas en el litigio está gobernada por la Regla 44.1 de las de Procedimiento Civil[32]. En lo pertinente, ésta dispone que "le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión [...]"[33]. De acuerdo con la norma procesal, el criterio para que el tribunal decida cuáles partidas de las costas solicitadas concede, es que se trate de los "gastos incurridos necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra"[34].

La Regla también establece el procedimiento que se debe seguir para conceder las costas. En particular, el inciso (b) dispone que la parte reclamante tiene el término de diez (10) días, contados a partir de la notificación de la sentencia que le favorece, para presentar al tribunal, y notificar a la parte contraria, un memorando de costas[35]. El referido término de diez (10) días es de naturaleza jurisdiccional, tanto para presentar el memorando de costas como para notificar el mismo[36]. La naturaleza jurisdiccional del término para presentar y notificar un memorando de costas surge en virtud de la Regla 68.2 de Procedimiento Civil[37]. Por lo cual, este plazo es improrrogable y su cumplimiento tardío priva al tribunal de autoridad para considerar y aprobar las costas reclamadas[38].

---

[32] 32 LPRA Ap. V., R. 44.1.
[33] 32 LPRA Ap. V, R. 44.1.
[34] *Íd.*
[35] Regla 44.1(b) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1.
[36] *Rosario Domínguez v. ELA*, 198 DPR 197 (2017); *Comisionado v. Presidenta*, 166 DPR 513, 518 (2005).
[37] 32 LPRA Ap. V., R. 68.2.
[38] *Rosario Domínguez v. ELA, supra.*

Cónsono con lo anterior, reconocemos que de ordinario el ejercicio de las facultades discrecionales por el foro de primera instancia merece nuestra deferencia. Como corolario de lo anterior, sólo intervendremos con el ejercicio de dicha discreción en aquellas situaciones en que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo[39].

### III.

MAPFRE, a través de sus señalamientos de error, nos solicita que procedamos a revocar al TPI basado en que el Consejo no es la parte victoriosa.

Luego de examinar el expediente y los argumentos esgrimidos por MAPFRE a la luz del derecho aplicable y ante la discreción limitada que nos reconoce la Regla 52.1 de Procedimiento Civil, *supra*, y de los criterios de la Regla 40 del Tribunal de Apelaciones[40], no identificamos razón por la cual este Foro deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. También, debemos recordar que las determinaciones del foro primario merecen respeto y deferencia ya que este es quien mejor conoce las interioridades del caso y es quien está en mejor posición para tomar las decisiones correctas sobre las controversias planteadas.

---

[39] *Rivera Durán v. Banco Popular*, 152 DPR 140 (2000).
[40] Regla 40 del Reglamento *del Tribunal de Apelaciones*, según enmendada, In Re Aprob. Enmda. Reglamento TA, 2025 TSPR 42, 215 DPR _____ (2025).

En síntesis, resolvemos que en el recurso que aquí atendemos no se demostró que la actuación del foro primario haya sido errónea o arbitraria. Por tanto, el recurso no es revisable y procede denegarlo sin trámite ulterior para que continúen los procedimientos correspondientes.

**IV.**

De conformidad con lo antes expresado, ***denegamos*** la expedición del auto de *Certiorari.*

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones