ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| CONSEJO DE TITULARES DEL CONDOMINIO VILLAS DE HATO TEJAS<br><br>Recurrida<br><br>v.<br><br>MAPFRE PRAICO INSURANCE COMPANY<br><br>Peticionaria | **TA2025CE00354** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Bayamón<br><br>Civil Núm.: BY2019CV05162<br><br>Sobre: Seguros/ Incumplimiento/ Aseguradoras Huracanes/Irma, María |

Panel integrado por su presidente, el Juez Bonilla Ortiz, la Jueza Boria Vizcarrondo y el Juez Ronda del Toro.

Bonilla Ortiz, Juez Ponente

### **SENTENCIA**

En San Juan, Puerto Rico a 18 de septiembre de 2025.

Comparece ante este foro Mapfre Praico Insurance Company (Mapfre o parte peticionaria) y nos solicita que revisemos una *Resolución Interlocutoria* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, notificada el 11 de julio de 2025. Mediante el referido dictamen, el foro primario dispuso que la parte peticionaria no es considerada como la parte victoriosa del pleito, por lo que no es merecedora de las costas del litigio. No obstante, dispuso que procedían las costas incurridas con posterioridad a la fecha en que dicha parte hizo su oferta de sentencia, ascendentes a $6,030.00. Por otro lado, determinó que, ante la inexistencia de una determinación de temeridad, no procede la imposición de honorarios de abogado. Asimismo, Mapfre solicita la revisión de una *Resolución Interlocutoria* emitida por el Tribunal de Primera

Instancia, Sala Superior de Bayamón, notificada el 30 de julio de 2025, mediante la cual declaró *No Ha Lugar* a la *Moción de Reconsideración Parcial* presentada por Mapfre el 29 de julio de 2025. A su vez, solicita la revisión de una *Orden* emitida el 4 de agosto de 2025.

Por los fundamentos que se exponen a continuación, expedimos el auto de *certiorari* y modificamos el dictamen recurrido.

## I.

A continuación, resumimos los hechos pertinentes para la disposición del recurso, los cuales surgen del *Sistema Unificado de Manejo y Administración de Casos* (SUMAC).

El 5 de septiembre de 2019, el Consejo de Titulares del Condominio Villas de Hato Tejas (Consejo de Titulares o parte recurrida) presentó una *Demanda* contra Mapfre.[1] En esta, alegó que había adquirido un seguro sobre la propiedad del condominio mediante la póliza CBP-008876277/00. Sostuvo que, luego del paso de los huracanes Irma y María, presentó un reclamo ante Mapfre por todos los daños ocurridos a la propiedad. Indicó que Mapfre no satisfizo ni investigó los daños reclamados. Ante ello, solicitó del foro primario que condenara a Mapfre al pago de la suma de $17,186,034.64 por daños al inmueble asegurado. Asimismo, solicitó el pago de $1,718,063.51 por violaciones a las disposiciones del Código de Seguros de Puerto Rico, además de costas, gastos, y honorarios de abogado.

El 28 de diciembre de 2022, Mapfre notificó a la parte recurrida, tanto por correo certificado con acuse

---

[1] *Demanda*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

de recibo, así como por correo electrónico, una oferta de sentencia al amparo de la Regla 35.1 de Procedimiento Civil, 32 LPRA Ap. V., R. 35.1, por la suma de $1,225,000.[2] No obstante, transcurrido el término de diez (10) días dispuesto en la Regla antes citada, la parte recurrida no aceptó la oferta.[3]

Luego de varios tramites procesales, el 20 de julio de 2023, notificada el 21 del mismo mes y año, el foro primario emitió una *Sentencia* mediante la cual declaró *No Ha Lugar* la *Demanda* sobre incumplimiento de contrato presentada por el Consejo de Titulares.[4] Ello debido a que el foro primario determinó que el Consejo de Titulares no presentó prueba alguna que demostrara que Mapfre incumplió con sus obligaciones contractuales. Sin embargo, dispuso que solamente procedía el pago para reparar o reemplazar las áreas que sufrieron daños por el huracán María. Ante ello, el foro primario entendió que era razonable el pago del estimado preparado por el perito de Mapfre. En su consecuencia, ordenó a Mapfre, a tenor con los términos y condiciones de la póliza, al pago de la suma de $869,999.70 por concepto de los daños causados por el huracán María.

Posteriormente, el 31 de julio de 2023, Mapfre presentó un *Memorando de Costas y Solicitud de Remedios a Tenor con la Regla 35.1 de Procedimiento Civil*.[5] En síntesis, sostuvo que remitió al Consejo de Titulares una oferta de sentencia a tenor con la Regla 35.1 de Procedimiento Civil, *supra*. No obstante, adujo que la

---

[2] *Memorando de Costas y Solicitud de Remedios a Tenor con la Regla 35.1 de Procedimiento Civil, Anejo 1,* entrada núm. 231 en SUMAC.
[3] *Memorando de Costas y Solicitud de Remedios a Tenor con la Regla 35.1 de Procedimiento Civil, Anejo 2,* entrada núm. 231 en SUMAC.
[4] *Sentencia*, entrada núm. 228 en SUMAC.
[5] *Memorando de Costas y Solicitud de Remedios a Tenor con la Regla 35.1 de Procedimiento Civil,* entrada núm. 231 en SUMAC.

parte recurrida rechazó dicha oferta. Por ello, expresó que, al dictarse sentencia por una suma menor a la oferta de sentencia extendida, la parte recurrida es responsable del pago de las costas, gastos, y honorarios de abogado incurridos con posterioridad a la oferta de sentencia. Especificó que los gastos, costas, y honorarios de abogado se reducen al dinero facturado y pagado al perito, Ing. William Rosario Chárriez, así como a los honorarios de abogado correspondientes a la preparación y comparecencia al juicio. Por otro lado, presentó los gastos y desembolsos que razonable y necesariamente tuvo que incurrir en la tramitación del pleito, conforme a la Regla 44.1(a) y (b) de Procedimiento Civil, 32 LPRA Ap. V., R. 44.1 (a) y (b). Ante ello, solicitó del foro primario que dictara Orden concediéndole la suma de $177,352.82 por concepto de costas. Asimismo, solicitó la suma de $27,250 por concepto de honorarios de abogado incurridos con posterioridad a la oferta de sentencia.

En respuesta, el 10 de agosto de 2023, el Consejo de Titulares presentó una *Oposición e Impugnación a "Memorando de Costas y Solicitud de remedios a Tenor con la Regla 35.1 de Procedimiento Civil".*[6] En síntesis, sostuvo que las costas solicitadas por Mapfre no proceden, toda vez que no fue la parte victoriosa en el pleito. Sobre este particular, arguyó que la *Sentencia* concedió lo solicitado en la *Demanda*, a saber, una cuantía mayor a la originalmente ajustada y ofrecida por Mapfre. Asimismo, indicó que resultaría injusto que el foro primario, habiendo concedido un remedio de

---

[6] *"Memorando de Costas y Solicitud de remedios a Tenor con la Regla 35.1 de Procedimiento Civil",* entrada núm. 236 en SUMAC.

$869,999.70 a favor del Consejo de Titulares, conceda las costas que Mapfre solicita. Por otro lado, indicó que los honorarios de abogado incurridos con posterioridad a la oferta de sentencia no proceden ya que Mapfre incumplió con la Regla 35.1 de Procedimiento Civil, *supra.* Sobre este particular, adujo que dicha oferta de sentencia se notificó a menos de treinta (30) días para el juicio y no detalló la suma correspondiente a los daños. Además, alegó que Mapfre no demostró la temeridad o arbitrariedad requerida para la imposición de honorarios de abogado. Por todo lo anterior, solicitó del foro primario que declarara *No Ha Lugar* el *Memorando de Costas y Solicitud de Remedios a Tenor con la Regla 35.1 de Procedimiento Civil* o, en la alternativa, procediera a efectuar los ajustes correspondientes.

El 21 de agosto de 2023, Mapfre presentó una *Réplica a Oposición a Memorando de Costas.*[7] En esencia, indicó que, si bien el foro primario ordenó a pagar una suma de dinero al Consejo de Titulares, lo cierto es que dicha parte no estableció incumplimiento contractual de parte de Mapfre. Sostuvo que lo ordenado a pagar es la cuantía dispuesta en el ajuste de Mapfre, así como una partida adicional por sellado de techo que fue reconocida como cubierta por Mapfre. Alegó que el Consejo de Titulares no logró obtener la concesión de la compensación ni los remedios solicitados por este. En su consecuencia, adujo que la parte recurrida es la parte perdidosa del pleito por lo que no la hace acreedora de obtener el pago de costas de conformidad con la Regla 44.1(a) de Procedimiento Civil, *supra.* Además, alegó que,

---

[7] *Réplica a Oposición a Memorando de Costas,* entrada núm. 238 en SUMAC.

contrario a lo alegado por la parte recurrida, todo lo que el informe envuelve es una costa del litigio y debe concederse. Por otro lado, sostuvo que procede el pago de honorarios de abogado debido a que se remitió a la parte recurrida una oferta de sentencia a tenor con Regla 35.1 de Procedimiento Civil, *supra*, al menos veinte (20) días antes del comienzo del juicio y dicha parte no aceptó la misma. Asimismo, adujo que no es necesario una determinación de temeridad para imponer el pago de honorarios de abogado al amparo de la Regla 35.1 de Procedimiento Civil, *supra*.

Posteriormente, el 29 de agosto de 2023, el Consejo de Titulares presentó una *Dúplica a: Réplica de Mapfre a "Oposición e Impugnación a 'Memorando de Costas y Solicitud de Remedios a tenor con la Regla 35.1 de Procedimiento Civil'"*.[8] En síntesis, reiteró su argumento en cuanto a que la oferta de sentencia presentada por Mapfre no cumplió con la Regla 35.1 de Procedimiento Civil, *supra.* Además, alegó que en la medida en que Mapfre no demostró que el Consejo de Titulares haya incurrido en temeridad o arbitrariedad, no proceden los honorarios de abogado a favor de Mapfre a tenor con la Regla 35.1 de Procedimiento Civil, *supra*. Por otro lado, adujo que resulta incorrecto que Mapfre argumente que fue la parte prevaleciente en el pleito. Ante ello, solicitó del foro primario que declarara *No Ha Lugar* al *Memorando de Costas y Solicitud de Remedios a Tenor con la Regla 35.1 de Procedimiento Civil*.

---

[8] *Dúplica a: Réplica de Mapfre a "Oposición e Impugnación a 'Memorando de Costas y Solicitud de Remedios a tenor con la Regla 35.1 de Procedimiento Civil'"*, entrada núm. 240 en SUMAC.

Luego de varios tramites procesales, el 11 de julio de 2025, el foro primario emitió una *Resolución Interlocutoria*.[9] Mediante esta, dispuso que la parte peticionaria no es considerada como la parte victoriosa del pleito. En su consecuencia, determinó que no es merecedora de las costas del litigio. No obstante, dispuso que procedían las costas incurridas con posterioridad a la fecha en que Mapfre hizo su oferta de sentencia al amparo de la Regla 35.1 de Procedimiento Civil, *supra*, toda vez que la misma fue por una cantidad mayor a la concedida en la *Sentencia*. Ante ello, expresó que las costas incurridas con posterioridad a la oferta de sentencia son las relacionadas a la preparación y comparecencia a juicio del Ing. William Rosario ascendentes a $6,030.00. Por otro lado, determinó que, ante la inexistencia de una determinación de temeridad, no procede la imposición de honorarios de abogado. Asimismo, sostuvo que procedía el pago de intereses legales a razón del 9.50% desde que se dictó la Sentencia hasta la fecha de la consignación.

Inconforme, el 29 de julio de 2025, Mapfre presentó una *Moción de Reconsideración Parcial*.[10] En esencia, reiteró que es la parte prevaleciente del pleito, por lo que procede la concesión de todas las costas del litigio las cuales ascienden a $177,352.82. Además, sostuvo que procede la concesión de honorarios de abogado incurridos con posterioridad a la oferta de sentencia, los cuales ascienden a $27,250.00. Ante ello, solicitó del foro primario que reconsiderara parcialmente la *Resolución Interlocutoria*, emitida el 11 de julio de 2025, para

---

[9] *Resolución Interlocutoria*, entrada núm. 258 en SUMAC.
[10] *Moción de Reconsideración Parcial*, entrada núm. 263 en SUMAC.

aumentar la cuantía de las costas a $177,352.82. Asimismo, solicitó que se le ordenara al Consejo de Titulares a pagar la suma de $27,250.00 por concepto de honorarios de abogado.

En respuesta, el 30 de julio de 2025, el foro primario emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la *Moción de Reconsideración Parcial* presentada por Mapfre el 29 de julio de 2025.[11]

Ahora bien, en lo que respecta a las costas y honorarios de abogado en la etapa apelativa, el 21 de julio de 2025, Mapfre presentó un *Memorando de Costas y Solicitud de Remedios a Tenor con la Regla 35.1 de Procedimiento Civil en Etapa Apelativa*.[12] En esencia, alegó que en el caso KLAN202300791 Mapfre resultó ser la parte prevaleciente. Esbozó que, el 3 de diciembre de 2024, este foro dictó sentencia mediante la cual confirmó en su totalidad el dictamen apelado por el Consejo de Titulares. Ante ello, presentó los gastos y desembolsos que razonable y necesariamente tuvo que incurrir en la tramitación del recurso instado en el Tribunal de Apelaciones, conforme a la Regla 44.1(b) y (c) de Procedimiento Civil, *supra*. Por otro lado, alegó que, al dictarse sentencia por una suma menor a la oferta de sentencia extendida, la parte recurrida es responsable del pago de las costas, gastos, y honorarios de abogado incurridos con posterioridad a la oferta de sentencia. Ante tales circunstancias, solicitó del foro primario que dictara Orden concediéndole la suma de $102.00 por concepto de costas en etapa apelativa, a

---

[11]*Resolución*, entada núm. 264 en SUMAC.
[12]*Memorando de Costas y Solicitud de Remedios a Tenor con la Regla 35.1 de Procedimiento Civil en Etapa Apelativa,* entrada núm. 261 en SUMAC.

tenor con la Regla 44.1 (c) de Procedimiento Civil, *supra*, así como la suma de $7,500.00 por concepto de honorarios de abogado, a tenor con la Regla 35.1 de Procedimiento Civil, *supra*.

En respuesta, el 31 de julio de 2025, el Consejo de Titulares presentó *Moción en Cumplimiento de Orden y en Oposición a "Memorando de Costas y Solicitud de Remedios a Tenor con la Regla 35.1 de Procedimiento Civil en Etapa Apelativa"* (SUMAC 261).[13] En esencia, alegó que la imposición de las costas incurridas por Mapfre en la etapa apelativa no procede debido a que no fue la parte prevaleciente en el pleito. Sobre este particular, adujo que este foro no emitió sentencia a favor de Mapfre, sino que confirmó la sentencia del foro primario, incluyendo la concesión de la indemnización por concepto de daños. Por otro lado, indicó que tampoco procede la concesión de honorarios de abogado en la etapa apelativa. Ello debido a que Mapfre no fue la parte prevaleciente en el pleito y ante la inexistencia de una determinación de temeridad a tenor con la Regla 44.1 de Procedimiento Civil, *supra*. Por lo anterior, solicitó del foro primario que declarara *No Ha Lugar* el *Memorando de Costas y Solicitud de Remedios a Tenor con la Regla 35.1 de Procedimiento Civil en Etapa Apelativa* presentado por Mapfre el 21 de julio de 2025.

Posteriormente, el 4 de agosto de 2025, el foro primario emitió una *Orden* mediante la cual concedió el pago de las costas en la etapa apelativa por la cantidad

---

[13] *Moción en Cumplimiento de Orden y en Oposición a "Memorando de Costas y Solicitud de Remedios a Tenor con la Regla 35.1 de Procedimiento Civil en Etapa Apelativa"* (SUMAC 261), entrada núm. 265 en SUMAC.

de $102.00.[14]   No obstante, denegó la concesión de honorarios de abogado.

Inconforme, el 27 de agosto de 2025, Mapfre presentó el recurso de *certiorari* que nos ocupa y señaló los siguientes errores:

> Erró el Tribunal de Primera Instancia al determinar, contrario a la sentencia dictada final, firme e inapelable, que MAPFRE no fue la parte victoriosa y por lo tanto no es merecedora de todas las costas del litigio, a pesar de haber declarado No Ha Lugar la demanda presentada por el Consejo y que este Tribunal determinara que Mapfre no incumplió con sus obligaciones contractuales bajo la póliza.
>
> Erró el Tribunal de Primera Instancia al denegar la imposición de honorarios de abogado tanto en la etapa de primera instancia como la apelativa, a pesar de concluir correctamente que MAPFRE hizo una oferta de sentencia por una cuantía significativamente menor a dicha oferta.

El 3 de septiembre de 2025, emitimos una *Resolución* concediéndole a la parte apelada el término dispuesto en el Reglamento de este Tribunal, según enmendado, 2025 TSPR 42, para presentar su alegato. En cumplimiento, el 11 de septiembre de 2025, el Consejo de Titulares presentó su alegato.

Con el beneficio de la comparecencia de ambas partes, procederemos a resolver.

**II.**

**A.**

En lo sustantivo, el *certiorari* es un recurso extraordinario y discrecional expedido por un tribunal superior a otro inferior, mediante el cual el primero está facultado para enmendar errores cometidos por el segundo, cuando "el procedimiento adoptado no esté de acuerdo con las prescripciones de la ley". Véase:

---

[14] *Orden,* entrada núm. 267 en SUMAC.

Artículo 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491; *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz De León*, 176 DPR 913, 917-918 (2009). La expedición del auto descansa en la sana discreción del tribunal. *Medina Nazario v. McNeill Healthcare,* 194 DPR 723, 729 (2016).

El Artículo 4.006 (b) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201 de 22 de agosto de 2003 (Ley de la Judicatura), 4 LPRA sec. 24y(b), establece la competencia del Tribunal de Apelaciones para atender y revisar discrecionalmente, mediante el recurso de *certiorari*, cualquier resolución u orden emitida por el Tribunal de Primera Instancia.

Para todo tipo de recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, 2025 TSPR 42, establece los criterios que este foro debe tomar en consideración al atender una solicitud de expedición de este recurso discrecional. Éstos son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de

los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F)  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Íd.

En lo pertinente a este caso, el *certiorari* también es el recurso apropiado para solicitar la revisión de determinaciones post-sentencia. *IG Builders et al. v. BBVAPR*, *supra*, pág. 339. A esos efectos, el Tribunal Supremo expresó que:

> Las resoluciones atinentes a asuntos postsentencia no se encuentran comprendidas entre aquellas determinaciones de naturaleza interlocutoria categóricamente sujetas a escrutinio mediante el recurso de certiorari. De otra parte, por emitirse este tipo de decisión luego de dictada la sentencia, usualmente tampoco cualifica para el recurso de apelación provisto para dictámenes judiciales finales. Se corre el riesgo, por lo tanto, de que fallos erróneos nunca se vean sujetos a examen judicial simplemente porque ocurren en una etapa tardía en el proceso, tal como lo es la ejecución de sentencia. *Íd.*

**B.**

La Regla 44.1(a) de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, R. 44.1, dispone que la concesión de costas "le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión […]". Según la citada regla, el criterio

para que el tribunal decida cuáles partidas de las costas solicitadas concede, es que se trate de los "gastos incurridos necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra".

Sobre el procedimiento para solicitar la adjudicación de costas, las Reglas de Procedimiento Civil disponen que la parte reclamante cuenta con diez (10) días contados a partir de la notificación de la sentencia que le favorece para presentarle al tribunal, y notificar a la parte contraria, un memorando de costas. *Véase,* Regla 44.1(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1(b). El referido término de diez (10) días es de naturaleza jurisdiccional. *Comisionado v. Presidenta*, 166 DPR 513, 518 (2005). Así también, la Regla 44.1(b) de Procedimiento Civil, *supra*, dispone lo siguiente:

> Cualquier parte que no esté conforme con las costas reclamadas podrá impugnarlas en todo o en parte, dentro del término de diez (10) días contados a partir de aquel en que se le notifique el memorándum de costas. El tribunal, luego de considerar la posición de las partes, resolverá la impugnación. La resolución del Tribunal de Primera Instancia podrá ser revisada por el Tribunal de Apelaciones mediante el recurso de certiorari. De haberse instado un recurso contra la sentencia, la revisión de la resolución sobre costas deberá consolidarse con dicho recurso.

Sobre las costas en apelación, nuestro Reglamento establece que "[l]as costas se concederán a favor de la parte que prevalezca, excepto en aquellos casos en que se disponga lo contrario por ley". Regla 85 del Reglamento del Tribunal de Apelaciones, según enmendado,

2025 TSPR 42. Asimismo, según las Reglas de Procedimiento Civil, la parte que resulte favorecida por una determinación apelativa presentará el memorando de costas ante la Sala del Tribunal de Primera Instancia que inicialmente atendió el caso. Regla 44.1(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1. Dicho memorando se deberá presentar "dentro del término jurisdiccional de diez (10) días contados a partir de la devolución del mandato y conforme a los criterios establecidos en el inciso (b) anterior". *Íd.* Además, debe incluir una relación o memorándum de todas las partidas de gastos y desembolsos necesarios en que se haya incurrido para la tramitación del recurso en el Tribunal de Apelaciones y en el Tribunal Supremo, según corresponda. *Íd.*

### C.

La *oferta de sentencia* constituye uno de los medios más factibles para evitar la dilación prolongada de un caso, siendo su principal objetivo promover las transacciones entre los litigantes. *Morell et al. v. Ojeda et al.,* 151 DPR 864 (2000); *H.U.C.E. de Ame. v. V. & E. Eng. Const.,* 115 DPR 711 (1984). De este modo, dicha proposición resulta ser efectiva para reducir los costos de un litigio civil al alentar la expedita canalización de las reclamaciones judiciales. Por lo tanto, las partes se ven en la obligación de evaluar la posibilidad de transigir la reclamación en controversia, frente a la probabilidad que tienen de prevalecer en el pleito, así como los costos y riesgos que puedan incurrir como consecuencia de una litigación prolongada. *Rivera Álvarez v. El Vocero*, 160 DPR 327 (2003), pág. 333; *Morell Corrada v. Ojeda et al.*, supra, pág. 874.

En atención a ello, la Regla 35.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 35.1, estatuye los requisitos que dan validez jurídica al referido mecanismo. En armonía con lo anterior, expresamente dispone que:

> En cualquier momento antes de los veinte (20) días precedentes al comienzo del juicio, la parte que se defiende de una reclamación podrá notificar a la parte adversa una oferta para consentir a que se dicte sentencia en su contra por la cantidad o por la propiedad o en el sentido especificado en su oferta, con las costas devengadas hasta ese momento. La oferta deberá cumplir con los requisitos siguientes: (1) Hacerse por escrito, notificando a la parte a quien se le hace mediante correo certificado. (2) Especificar quién hace la oferta y la parte a la que va dirigida. (3) Establecer la cantidad, si alguna, que se ofrece en concepto de daños. (4) Especificar la cantidad total o propiedad y condiciones ofrecidas. (5) Establecer la cantidad en concepto de costas devengadas hasta el momento.
>
> Si dentro de los diez (10) días siguientes a la notificación la parte adversa notifica por escrito que acepta la oferta, cualquiera de las partes podrá presentarla junto con la notificación de su aceptación y la prueba de su notificación, y entonces el Secretario o Secretaria del tribunal dictará sentencia. Si no es aceptada así, se considerará retirada y no se admitirá en evidencia, excepto en un procedimiento para determinar costas, gastos y honorarios de abogado o abogada, o en un procedimiento para obligar al cumplimiento de una sentencia dictada, producto de una oferta de sentencia.
>
> En todo caso en que la sentencia que obtenga finalmente la parte a quien se le hizo la oferta sea igual o menos favorable, ésta tendrá que pagar las costas, los gastos y los honorarios de abogado o abogada en que se incurrió con posterioridad a la oferta.
>
> […]
>
> 32 LPRA Ap. V., R. 35.1.

Conforme a la precitada disposición, la oferta de sentencia responde a ciertas particularidades y

condiciones que, una vez cumplidas, acarrean determinadas consecuencias. En síntesis, la forma de hacer la oferta de sentencia es notificando por escrito, mediante correo certificado, a la parte contraria en cualquier momento antes de los veinte (20) días inmediatamente anteriores al comienzo del juicio. R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 6ta ed., LexisNexis de Puerto Rico, 2017, sec. 3804, pág. 406. Por otro lado, la parte que recibe la notificación tendrá diez (10) días para aceptar o rechazar la oferta. *Íd*.

Por otra parte, del texto de la regla se desprenden las consecuencias para la parte demandante en caso de que esta rechace la oferta y persista en llevar adelante su causa de acción, aun cuando posteriormente obtenga un remedio menos favorable al ofrecido. Como consecuencia, el demandante tendrá que pagar las costas, gastos, y honorarios de abogado efectuados con posterioridad a la oferta presentada. *Ramallo Brothers v. Federal Express Corp.,* 129 DPR 499 (1991), pág. 517.

**D.**

La Regla 44.1(d) de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, R. 44.1, faculta a los tribunales a imponer el pago de una cuantía por concepto de honorarios de abogado. Al respecto, la referida disposición establece lo siguiente:

> En caso que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta. […]

El propósito de este mecanismo es penalizar al que, con su conducta, ha obligado a la parte adversa en un litigio a incurrir en gastos y, con ello, le ha causado innecesariamente molestias e inconvenientes. *SLG Flores-Jiménez v. Colberg*, 173 DPR 843, 867 (2008); *Rivera v. Tiendas Pitusa, Inc.*, 148 DPR 695, 702 (1999). De este modo, se persigue imponer una penalidad a un litigante perdidoso que, por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito. *Montalvo v. García Padilla*, 194 DPR 760 (2016), citando a *Andamios de PR v. Newport Bonding*, 179 DPR 503, 520 (2010).

Por tanto, la imposición del pago de honorarios de abogado, de conformidad con la Regla 44.1, *supra*, supone que el tribunal haga una determinación de temeridad. Dicha determinación "…descansa en la sana discreción del tribunal sentenciador". *Raoca Plumbing v. Trans World*, 114 DPR 464, 468 (1983). Ahora bien, cabe destacar que la Regla 35.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 35.1 establece un mecanismo separado de la Regla 44.1(d) de Procedimiento Civil, *supra*, encaminado a sancionar al demandante que rechaza una oferta de sentencia razonable, obligándole a pagar los honorarios en se haya incurrido con posterioridad a la oferta. *Rivera Álvarez v. Periódico El Vocero de Puerto Rico*, 160 DPR 327 (2003). Si bien ambas reglas pautan para la imposición de honorarios de abogado, la Regla 35.1 de Procedimiento Civil, *supra*, claramente presupone que el rechazar

una oferta razonable es una conducta temeraria *per se.* Por lo cual, la imposición del pago de honorarios de abogado es automática por proseguirse innecesariamente un pleito que pudo evitarse o concluirse en una etapa temprana. *Íd.*

### III.

En el caso de autos, el peticionario presentó dos (2) señalamientos de error. En lo pertinente al primer señalamiento de error, Mapfre alega que incidió el foro primario al determinar que Mapfre no fue la parte victoriosa y, por lo tanto, no es merecedora de todas las costas del litigio, a pesar de haber declarado *No Ha Lugar* la *Demanda* presentada por el Consejo de Titulares. Por otro lado, en su segundo señalamiento de error, arguye que el Tribunal de Primera Instancia incidió al denegar la imposición de honorarios de abogado, tanto en la etapa de primera instancia como la apelativa, a pesar de concluir que la *Sentencia* ordenó el pago a favor del Consejo de Titulares por una cuantía menor a la sugerida por Mapfre en su oferta de sentencia. Entendemos que el foro primario incurrió en el segundo error señalado por la parte peticionaria, mas no así en el primero. Veamos.

En lo que concierne al primer señalamiento de error, el 20 de julio de 2023, el foro primario emitió una *Sentencia* mediante la cual declaró *No Ha Lugar* la *Demanda* sobre incumplimiento de contrato presentada por el Consejo de Titulares. Ello debido a que no se demostró que Mapfre incumplió con sus obligaciones contractuales. Ante tales circunstancias, el foro primario dispuso que solamente procedía el pago para reparar o reemplazar aquellas áreas de la propiedad que sufrieron daños causados por el huracán María. En su

consecuencia, determinó que procedía el pago del estimado preparado por el perito de Mapfre, por lo que ordenó a la parte peticionaria a satisfacer el pago de la suma de $869,999.70.

Así las cosas, Mapfre presentó, dentro del término establecido por la Regla 44.1 de Procedimiento Civil, 32 LPRA Ap. V, R.44.1 un memorando de costas en el cual presentó los gastos y desembolsos que razonable y necesariamente tuvo que incurrir en la tramitación del pleito. Conforme surge de la normativa jurídica antes esbozada, la Regla 44.1(a) de Procedimiento Civil, *supra*, dispone que las costas "le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión […]". En vista de lo anterior, entendemos que Mapfre no tiene derecho a recobrar las costas del litigio, toda vez que no fue la parte prevaleciente en el pleito. Ello debido a que, si bien el foro primario declaró *No Ha Lugar* la *Demanda* presentada por el Consejo de Titulares, lo cierto es que concedió un remedio de $869,999.70 a favor de dicha parte.

Por otro lado, resulta necesario reseñar que, mediante el recurso KLAN202300791, este foro confirmó en su totalidad el dictamen apelado por el Consejo de Titulares. Ante ello, Mapfre presentó los gastos y desembolsos que razonable y necesariamente tuvo que incurrir en la tramitación del recurso instado en el Tribunal de Apelaciones, conforme a la Regla 44.1(b) y (c) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1 (b) y (c). Asimismo, según esbozado anteriormente, la Regla 85 del Reglamento del Tribunal de Apelaciones, según enmendado, 2025 TSPR 42, dispone que "[l]as costas se

concederán a favor de la parte que prevalezca, excepto en aquellos casos en que se disponga lo contrario por ley". Por tal razón, entendemos que procede la concesión de las costas en la etapa apelativa.

A la luz de lo anterior, determinamos que el foro primario no incidió al disponer que Mapfre no es considerada como la parte victoriosa del pleito. En su consecuencia, no erró al determinar que Mapfre no es merecedora de las costas en las que incurrió mientras el caso se ventilaba ante el foro primario. Asimismo, colegimos que el foro primario no incidió al ordenar la concesión de costas a favor de Mapfre en la etapa apelativa, conforme a la Regla 44.1 de Procedimiento Civil, *supra*, y las costas en las que incurrió con posterioridad a la oferta de sentencia al amparo de la Regla 35.1 de Procedimiento Civil, *supra*.

Ahora bien, en lo concerniente al segundo señalamiento de error, el mismo versa sobre la imposición de los honorarios de abogado. Sabido es que la Regla 35.1 de Procedimiento Civil, *supra*, establece un mecanismo separado al de la Regla 44.1(d) de Procedimiento Civil, *supra*, encaminado a sancionar al demandante que rechaza una oferta de sentencia razonable, obligándole a pagar los honorarios de abogado en que se haya incurrido con posterioridad a la oferta. Si bien ambas reglas pautan para la imposición de honorarios de abogado, la Regla 35.1 de Procedimiento Civil, *supra*, claramente presupone que el rechazar una oferta razonable es una conducta temeraria *per se*. Por ello, contrario a lo alegado por la parte recurrida, no es necesario que el foro primario haga una determinación de temeridad para imponer el pago de

honorarios de abogado al amparo de la Regla 35.1 de Procedimiento Civil, *supra*. Más bien, la imposición del pago de honorarios de abogado es automática por proseguirse innecesariamente un pleito que pudo evitarse o concluirse en una etapa temprana.

En lo pertinente al caso ante nuestra consideración, surge del expediente que, el 28 de diciembre de 2022, Mapfre notificó al Consejo de Titulares, tanto por correo certificado con acuse de recibo, así como por correo electrónico, una oferta de sentencia al amparo de la Regla 35.1 de Procedimiento Civil, *supra*, por la suma de $1,225,000. Transcurrido el término de diez (10) días dispuesto en la Regla antes citada, la parte recurrida no aceptó dicha oferta. Posteriormente, el 21 de julio de 2023, el foro primario emitió *Sentencia*, mediante la cual ordenó a Mapfre a satisfacer al Consejo de Titulares la suma de $869,999.70. Es decir, una cuantía menor a la sugerida por Mapfre en su oferta de sentencia. Por ello, le corresponde a la parte recurrida el pago de las costas, gastos, y honorarios de abogado en que incurrió Mapfre con posterioridad a la oferta de sentencia. En vista de que la parte recurrida rechazó la oferta de sentencia emitida por Mapfre, determinamos que el foro primario incidió al determinar que, ante la inexistencia de una determinación de temeridad, no procede la imposición de honorarios de abogado. Ello debido a que, a tenor con la Regla 35.1 de Procedimiento Civil, *supra,* procede los honorarios de abogado con posterioridad a la oferta de sentencia. A su vez, lo anterior incluye los honorarios de abogado incurridos en la etapa apelativa.

Por todo lo anteriormente expuesto, tras un análisis de las alegaciones formuladas por las partes y a la luz de la totalidad de las circunstancias, determinamos que el foro primario incurrió en el segundo error señalado por la parte peticionaria, mas no así en el primero.

**IV.**

Por los fundamentos que anteceden, se expide el auto de *certiorari* y se modifica la *Resolución Interlocutoria*, notificada el 11 de julio de 2025, así como la *Orden* emitida el 4 de agosto de 2025. Se devuelve el caso al Tribunal de Primera Instancia, para que calcule y ordene el pago de los honorarios de abogado, el cual será calculado de acuerdo con los honorarios de abogado incurridos con posterioridad a la oferta de sentencia, es decir, desde el 28 de diciembre de 2022.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones